1   REBECCA ARAGON, Bar No. 134496
    Raragon@littler.com
2   HOVANNES G. NALBANDYAN, Bar No. 300364
    Hnalbandyan@littler.com
3   LAURA E. SCHNEIDER, Bar No. 326077
    Lschneider@littler.com
4   **LITTLER MENDELSON, P.C.**
    633 W. Fifth Street, 63rd Floor
5   Los Angeles, CA  90071
    Telephone: 213.443.4300
6   Fax No.:    213.443.4299

7   Attorneys for Defendant
    FREEDOMROADS, LLC (erroneously sued as
8   FREEDOMROADS, LLC d/b/a CAMPING
    WORLD)

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12
    KAMELA WOODINGS, on behalf         Case No.  2:20-CV-07072
13  of herself and all other members of
    the putative class,
14                                      **DEFENDANT FREEDOMROADS,**
                                        **LLC'S NOTICE OF REMOVAL OF**
15              Plaintiff,              **CIVIL ACTION TO FEDERAL**
                                        **COURT**
16         v.
                                        **[28 U.S.C. §§ 1332, 1441, & 1446]**
17  FREEDOMROADS, LLC d/b/a
    CAMPING WORLD, a Minnesota          Complaint filed: June 25, 2020
18  Limited Liability Corporation, and  (Los Angeles Superior Court,
    DOES 1 through 100, inclusive,      Case No.  20STCV24159)
19
                Defendants.             Trial Date:  None Set
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

1.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KAMELA WOODINGS, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FREEDOMROADS, LLC (erroneously sued as FREEDOMROADS, LLC d/b/a CAMPING WORLD) ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2.      This action was filed in the Superior Court for the State of California, County of Los Angeles. Accordingly, venue property lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(3), 1391, 1441, and 1446. Further, Plaintiff alleges the operative acts took place in Los Angeles County. (*See* Declaration of Rebecca Aragon ("Aragon Decl.") ¶ 2, Exh. A (Plaintiff's Complaint), ¶¶ 3-5. )

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

1.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

### III.  PLEADINGS, PROCESS, AND ORDERS

3.     On June 25, 2020, Plaintiff Kamela Woodings ("Plaintiff") filed a Class Action Complaint against Defendant in Los Angeles Superior Court, titled: *KAMELA WOODINGS, on behalf of herself and all other members of the putative class, v. FREEDOMROADS, LLC d/b/a CAMPING WORLD, a Minnesota Limited Liability Corporation, and DOES 1-10, inclusive,* bearing Case No. 20STCV24159 (the "Complaint"). The Complaint asserts the following eleven causes of action: (1) Unpaid Minimum Wages; (2) Unpaid Overtime; (3) Unpaid Meal Period Premiums; (4) Unpaid Rest Period Premiums; (5) Final Wages Not Timely Paid; (6) Non-Compliant Wage Statements; (7) Fraud; (8) Negligent Misrepresentation; (9) Breach of Contract; (10) Accounting; and (11) Violation of California Business & Professions Code §§ 17200, *et seq*. (Aragon Decl. ¶ 2, Exh. A, Complaint.)

4.     On July 9, 2020, Defendant was served with the Complaint, Summons, Alternative Dispute Resolution (ADR) Information Package, Voluntary Efficient Litigation Stipulations; Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment – Unlimited Civil Case. True and correct copies of the (1) Complaint, (2) Summons, (3) Alternative Dispute Resolution Information Package, (4) Voluntary Efficient Litigation Stipulations; (5) Civil Case Cover Sheet, (6) Civil Case Cover Sheet Addendum and Statement of Location, and (7) Notice of Case Assignment – Unlimited Civil Case are attached to the Declaration of Rebecca Aragon in Support of Defendant's Notice of Removal ("Aragon Decl."), filed concurrently herewith.  (*See* Aragon Decl. ¶ 2, Exh. A.)

5.     On July 15, 2020, Plaintiff Kamela Woodings ("Plaintiff") filed a proof of personal service.  (*See* Aragon Decl. ¶ 3, Exh B.)

6.     On July 21, 2020, the Court Clerk filed the Court's Initial Status Conference Order, Minute Order, and Certificate of Mailing of same. (*See* Aragon Decl. ¶ 4.)

7.     On August 5, 2020, Defendant filed its Answer in the Superior Court of

2.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    the State of California, County of Los Angeles. (Aragon Decl. ¶ 5, Exh C.)

2        8.    On August 5, 2020 (after filing its Answer), Defendant received the

3    Notice of Initial Status Conference served by Plaintiff on July 30, 2020 by U.S. Mail.

4    It provided Defendant notice that the Court has set the Initial Status Conference and

5    attached a copy of the Minutes Order and the Initial Status Conference. (Aragon Decl.

6    ¶ 6, Exh D.)

7        9.    As of the date of this Notice of Removal, Defendant is unaware of any

8    other parties who have been named or served with the Summons and Complaint in

9    this action. (*See* Aragon Decl. ¶ 7.)

10       10.   Pursuant to 28 U.S.C. § 1446(d), the attached Exhibits A-D constitute all

11   process, pleadings and orders served on Defendant or filed or received by Defendant

12   in this action. To Defendant's knowledge, no further processes, pleadings, or orders

13   related to this case have been filed in Los Angeles Superior Court or served by any

14   party. Additionally, to Defendant's knowledge, no proceedings or future hearings

15   related hereto have been heard in Los Angeles Superior Court. Attached as Exhibit

16   "E" to Rebecca Aragon's Declaration is a true and correct copy of the Los Angeles

17   Superior Court's docket to date reflecting all processes, pleadings, and orders served

18   on Defendant or filed with the Court in this action. (Aragon Decl. ¶ 8, Exh E.)

19   **IV.    TIMELINESS OF REMOVAL**

20       11.   An action may be removed from state court by filing a notice of removal,

21   together with a copy of all process, pleadings, and orders served on the Defendant

22   within 30 days of service on defendant of the initial pleading. (*See* 28 U.S.C.

23   § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

24   (1999) (the 30-day removal period runs from the service of the summons and

25   complaint).)

26       12.   Here, the removal of this action is timely because Defendant filed this

27   Notice of Removal within thirty (30) days from July 9, 2020, when Defendant was

28   served with the Summons and Complaint, and within one year from the

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   commencement of this action. (28 U.S.C. § 1446(b), (c) (1); *See* Aragon Decl. ¶ 2.)

2   ## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

3   13. Contemporaneously with the filing of this Notice of Removal in the

4   United States District Court for the Central District of California, a true and correct

5   copy of this Notice will be provided to Plaintiff's counsel of record, R. Rex Parris,

6   Kitty K. Szeto, John M. Bickford, and Ryan A. Crist of Parris Law Firm, 43364 10th

7   Street West, Lancaster, California 93534, Plaintiff's counsel of record. (*See* Aragon

8   Decl. ¶ 9, Exh. F.) In addition, a copy of this Notice of Removal will be filed with the

9   Clerk of the Superior Court of the State of California, County of Los Angeles. (*Id.*)

10  ## VI. REMOVAL JURISDICTION UNDER CAFA

11  14. CAFA grants United States district courts original jurisdiction over:

12  (a) civil class action lawsuits filed under federal or state law; (b) where the alleged

13  class is comprised of at least 100 individuals; (c) in which any member of a class of

14  plaintiffs is a citizen of a state different from any defendant; and (d) where the

15  matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.

16  (*See* 28 U.S.C. § 1332(d).) CAFA authorizes removal of such actions in accordance

17  with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement

18  for removal, and is timely and properly removed by the filing of this Notice of

19  Removal.

20  ### A. Plaintiff Filed A Class Action Under State Law

21  15. Plaintiff filed her action as a class action based on alleged violations of

22  California state law. (Complaint, ¶ 1.)

23  ### B. The Proposed Class Contains At Least 100 Members

24  16. CAFA provides this Court with jurisdiction over a class action when "the

25  number of members of all proposed plaintiff classes in the aggregate [is not] less than

26  100." (28 U.S.C. § 1332(d)(5)(B).) CAFA defines "class members" as those

27  "persons (named or unnamed) who fall within the definition of the proposed or

28  certified class in a class action." (28 U.S.C. § 1332(d)(1)(D).) This requirement is

4.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    easily met in this case.

2         17.    As an initial matter, Plaintiff alleges in her Complaint that the "class is

3    estimated to be ninety-nine (99) individuals *or more*." (*See* Complaint, ¶ 33(a)

4    (emphasis added).)

5         18.    Additionally, Defendant's internal records demonstrate that there are well

6    over 100 putative class members in this case.

7         19.    Here, Plaintiff filed this action on behalf of herself and "[a]ll current and

8    former hourly-paid or non-exempt employees employed by Defendants within the

9    State of California at any time during the period from June 25, 2016 to final

10   judgment." (Complaint, ¶ 31.) [1]

11        20.    According to the class definition, and based on a review of Defendant's

12   records from someone with personal knowledge of Defendant's record keeping

13   practices, Defendant can confirm that it employed no fewer than <u>866</u> hourly,

14   nonexempt employees working in its California locations during the putative class

15   period of June 25, 2016 to the present.  (*See* Declaration of Brent Moody in Support

16   of Defendant's Removal of Civil Action to Federal Court (hereinafter "Moody

17   Decl."), ¶ 3.)

18        **C.    <u>Defendant Is Not A Governmental Entity</u>**

19        21.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions

20   where "primary defendants are States, State officials, or other governmental entities

21   against whom the district court may be foreclosed from ordering relief."

22        22.    Here, Defendant is a limited liability company, not a state, state official,

23   or other government entity exempt from CAFA. (Moody Decl., ¶ 8.)

24

25

26   [1] Defendant disputes that Plaintiff is able to represent these employees on a class
     basis, particularly those who worked in different job classifications and facilities than
27   Plaintiff.  This Notice of Removal assumes Plaintiff's class definition as set forth in
     the Complaint for purposes of removal, but Defendant does not concede that such a
28   class definition is appropriate in this case.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

**D.**     **There Is Diversity Between At Least One Class Member And One Defendant**

23.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." (28 U.S.C. §§ 1332(d)(2)(A), 1453(b).) In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. (*Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.)

24.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled. (*See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain).) Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship.  (*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").)

**a.  Plaintiff is a citizen of California**

25.     In the instant action, Plaintiff has at all times been a resident of California and has specifically plead that she "is a citizen of the State of California." *See* Complaint, ¶ 5. Defendant has thus established by a preponderance of the evidence

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

1   that Plaintiff resides and is domiciled in California, and is, thus, a citizen of

2   California.  (*See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7; *State Farm*

3   *Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party

4   in state court complaint of residency "created a presumption of continuing residence

5   in [state] and put the burden of coming forward with contrary evidence on the party

6   seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22

7   (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).)

8                    **b.  Defendant is not a citizen of California**

9          26.    Defendant is not a citizen of California. Section 1332(d)(10) of CAFA

10  provides that, "[f]or purposes of this subsection and section 1453, an unincorporated

11  association shall be deemed to be a citizen of the State where it has its principal place

12  of business and the State under whose laws it is organized."   (28 U.S.C. §

13  1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700

14  (4th Cir. 2010); *Heckemeyer v. NRT Missouri, LLC*, No. 4:12CV01532 AGF, 2013

15  WL 2250429, at *5-*6 (E.D. Mo. May 22, 2013) (holding that a limited liability

16  company is properly considered "an unincorporated association" within the meaning

17  of § 1332(d)(10), and thus is deemed to be a citizen of the state both where it has its

18  principal place of business and the state under whose laws it is organized). )

19         27.    Defendant is, and was at the time this action was commenced, organized

20  under the laws of the State of Minnesota. (Moody Decl., ¶ 9.) Defendant maintains its

21  principal place of business in Illinois, which is where the Defendant's corporate

22  headquarters are located and where Defendant's corporate books are maintained. (*Id.*)

23  Defendant's executive and administrative offices are also located in Illinois.  (*Id.*)

24         28.    The presence of Doe defendants in this case has no bearing on diversity

25  with respect to removal. (*See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil

26  action is removable on the basis of the jurisdiction under section 1332(a) of this title,

27  the citizenship of defendants sued under fictitious names shall be disregarded.").)

28         29.    Accordingly, the named Plaintiff is a citizen of the State of California,

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

7.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

while Defendant is a citizen of the States of Minnesota and Illinois. Therefore, complete diversity exists for purposes of CAFA jurisdiction because the named parties are citizens of different states. (*See* 28 U.S.C. §§ 1332(d)(2)(A), §1453.)

**E.    The Amount In Controversy Exceeds $5,000,000[2]**

30.    This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. (28 U.S.C. § 1332(d).)

31.    The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Id.* at 554.)  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id.* Otherwise, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. (*Id.* at 549-50.)

32.    "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).)

33.    For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the Plaintiff will prevail on her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

8.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "'plaintiff prevails on liability'") (other internal citation omitted)). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy); *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint); *Patel v. Nike Retail Servs.,* 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) ("But a defendant is not required to admit, and is certainly not required to prove, the truth of plaintiff's assertions before invoking diversity jurisdiction.").

34.    Defendant denies the validity and merit of Plaintiff's claims, the legal theories they are based upon, and Plaintiff's request for monetary and other relief. For purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

35.    Plaintiff asserts eleven causes of action on behalf of a class of all current and former non-exempt employees of Defendants in the State of California. *See generally* Complaint. In her Prayer for Relief, Plaintiff seeks damages including compensation for unpaid wages and overtime, premium wages, penalties, interest, special damages, attorneys' fees and costs, and punitive damages. (*See* Complaint, Prayer for Relief ¶¶ 1-61. )

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

36.    Although Plaintiff asserts eleven causes of action on behalf of the putative class, Defendant calculates the amount in controversy in this Notice based on *only six* of Plaintiff's claims. Nevertheless, the $5 million jurisdictional threshold is easily met.

### a.    There Is Over $1,300,000.00 In Controversy Based On Plaintiff's Failure To Pay Minimum Wages Claim.

37.    In her First Cause of Action, Plaintiff alleges that "[d]uring the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1." (Complaint, ¶ 37.)

38.    Although Plaintiff does not allege any factual details for this claim, Plaintiff seeks unpaid wages for off-the-clock work (since Plaintiff's hourly rate well exceeded the minimum wage) on behalf of every class member as a matter of policy and practice.

39.    According to Defendant's records, Defendant employed an estimated 866 employees that collectively worked approximately 78,700 workweeks between June 25, 2016 and the present per the four-year statute of limitations. (*See Cortez*, 23 Cal. 4th at 179; Moody Decl. ¶¶ 3-5).  The average hourly wage for employees working in Defendant's California locations is approximately $16.83 per hour. Moody Decl. ¶ 4. Applying a conservative assumption that Plaintiff and the putative class seeks 1 hour per week of wages for off-the-clock work at the average hourly wage of $16.83 (not duplicative of the above overtime claim), then Plaintiff therefore seeks a sum of at least **$1,323,521.00** on behalf of the putative class. This amount is calculated as follows: 78,700 workweeks x $16.83 per hour x 1 hour per week.

### b.    There Is Over $1.9 Million In Controversy Based On Plaintiff's Overtime Claim.

40.    Plaintiff alleges in her Second Cause of Action on behalf of the putative class that "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members."

10.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

(Complaint, ¶ 46.)

41.    California Labor Code § 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week.  Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a). The statutory period for recovery under California Labor Code section 510 is calculated under a four-year statute of limitations.  *See* Cal. Code Civ. Proc. § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

42.    Plaintiff seeks unpaid overtime wages for off-the-clock work on behalf of every class member as a matter of policy and practice. To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of hours worked unpaid by Plaintiff and the putative class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay rate in effect during the time the overtime was allegedly worked.

43.    As noted above, the average hourly rate for non-exempt employees who worked in its California locations was approximately $16.83 per hour, with an overtime rate of approximately **$25.24** per hour. (Moody Decl. ¶ 4.) The putative class of approximately 866 employees worked an estimated 78,700 weeks between June 25, 2016, (four years prior to the date of filing, per the statute of limitations) and the present. (Moody Decl. ¶¶ 3, 5.) Conservatively assuming that Plaintiff alleges each class member worked one uncompensated overtime hour per week, the total Plaintiff seeks for uncompensated overtime is **$1,986,388.00.** This amount is calculated as follows: 78,700 workweeks x $25.24 per hour  x 1 overtime hour per week.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

44.     In sum, although Defendant vigorously denies Plaintiff's allegations, including the alleged damages, if Plaintiff were to prevail on her overtime claim with respect to herself and the putative class, the amount in controversy with respect to that claim alone could be more than $1,986,388.00.

### c.    There Is Over $13 Million In Controversy Based On Plaintiff's Meal And Rest Break Claims.

45.     Plaintiff alleges in her Third Cause of Action on behalf of the putative class that "Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and/or applicable Labor Codes, thus they are entitled to any and all applicable penalties." (Complaint, ¶ 18.) Plaintiff further alleges that "[d]uring the relevant time period, Plaintiff and the other class members… were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." (*Id.* at ¶¶ 54-55.) Plaintiff additionally contends that "Defendants engaged in a *uniform policy* and *systematic* scheme of wage abuse against their hourly paid employees." (*Id.* at ¶17 (emphasis added).)

46.     Plaintiff additionally alleges in her Fourth Cause of Action on behalf of the putative class that "[d]uring the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." (Complaint, ¶¶ 65-66.)

47.     Based on Defendant's review of records, Defendant employed no fewer than a total of 866 hourly, nonexempt employees working in its California locations during the putative class period of June 25, 2016 to the present. (Moody Decl., ¶ 3.) The average hourly rate earned by the hourly non-exempt employees who work in the Defendant's California locations is approximately $16.83 per hour. (*Id.* at ¶ 4.) These employees collectively worked a total of approximately 78,700 workweeks from June

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

12.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    25, 2016 through the present. (*Id.*)

2        48.    As explained above, Plaintiff alleges a "uniform policy and systematic

3    scheme" of failure to provide meal and rest breaks, and Plaintiff accordingly asserts a

4    100% violation rate (*i.e.*, that Defendant would be liable for a meal period violation

5    for each shift that was more than 5 hours; and that Defendant would be liable for a rest

6    period violation for each shift that was more than 4 hours). *See id.*; *see also Duberry v.*

7    *J. Crew Group, Inc.*, Case No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS

8    99171, * 7 (C.D. Cal. Jul. 28, 2015) (100% violation rate may be based on allegations

9    of a uniform noncompliant practice).

10       49.    If an employer fails to provide an employee a meal or a rest period in

11   accordance with California law, the employer must pay one additional hour of pay at

12   the employee's regular rate of pay for each workday that the meal or rest period are

13   not provided. Cal. Labor Code, § 226.7.

14       50.    Plaintiff's cause of action for violating the UCL extends the statute of

15   limitations on Plaintiff's meal and rest break causes of action to four years, back to

16   June 25, 2016. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration*

17   *Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for

18   restitution of wages under the UCL). As such, the class period runs from June 25,

19   2016 through the date of trial.

20       51.    Therefore, the potential liability for Plaintiff's meal break claim for the

21   statutory period of June 25, 2016 through the present amounts to approximately

22   $**6,622,605.00**. This amount is calculated as follows: 78,700 workweeks x 5 meal

23   period violations per week x $16.83 average meal period penalty per violation.

24       52.    Finally, the potential liability for Plaintiff's rest break claim for the

25   statutory period of June 25, 2016 through the present amounts to approximately

26   $**6,622,605.00**. This amount is calculated as follows: 78,700 workweeks x 5 rest

27   period violations per week x $16.83 average rest period penalty per violation.

28

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

13.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

### d.      There Is Over $1.8 Million In Controversy Based On Plaintiff's Waiting-Time Penalties Claim

53.      Plaintiff's Fifth Cause of Action is for statutory waiting-time penalties under California Labor Code sections 201-203. (*See* Complaint, ¶¶ 69-74.) Plaintiff contends "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ." (*Id.* at ¶ 71.) The statute of limitations for Plaintiff's Cal. Lab. Code § 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

54.      Plaintiff demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for the putative class. (*See* Complaint, ¶ 74.)

55.      Defendant denies the validity and merit of Plaintiff's waiting time penalties claim. However, for purposes of removal, based on a preliminary review of its records, Defendant estimates that 499 employees have separated from employment since June 25, 2016. (*See* Moody Decl., ¶ 7.) The average hourly rate for these terminated non-exempt employees during the class period is $15.30. (*Id.*)

56.      Although Defendant denies Plaintiff's allegations, including any alleged damages, based on the reasonable assumption that the putative class members would receive waiting time penalties for thirty days, an estimate of the amount in controversy related solely to waiting time penalties is **$1,832,328.00**. This amount is calculated as follows: 8 hours/day x 30 days x $15.30 average hourly rate x 499 employees = $1,832,328.00.

/ / /

/ / /

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

e.     **There Is At Least $525,000 In Controversy Based On Plaintiff's Wage Statement Penalty Claim.**

57.     Plaintiff's Sixth Cause of Action is for wage statement penalties under California Labor Code section 226. (*See* Complaint, ¶¶ 75-78.) Plaintiff alleges that "Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements." (*Id.* at 77.) Plaintiff has claimed a "uniform policy and systematic scheme of wage abuse," alleging a 100% violation rate based on her wage statement claim. (*See id.* at ¶¶ 17, 75-78.) Therefore, every class member would be entitled to wage statement penalties for every pay period from in the statutory period based on Plaintiff's allegations.

58.     Section 226 provides for a $50 penalty for the each pay period in which a violation occurs, up to $4,000. California Labor Code section 226 has a one-year statute of limitations. Cal. Code Civ. Proc., § 340(a).

59.     Defendant's hourly, non-exempt employees who work in California are issued wage statements every other week. (Moody Decl. ¶ 5.) According to Defendant's records, between June 25, 2019 through the present, Defendant issued approximately 10,500 wage statements to these employees. (*Id.*)

60.     Potential liability for Plaintiff's claim for wage statement penalties amounts to at least **$525,000.00.** This amount is calculated as follows: $50 penalty x 10,500 wage statements.[3]

f.     **The Ninth Circuit's Benchmark Of 25 Percent Of The Amount Recoverable For An Award Of Attorneys' Fees In Class Actions Requires Over $1 Million To Be Added To The Amount In Controversy.**

61.     Plaintiff seeks to recover attorneys' fees by way of her Complaint. Complaint ¶¶ 1, 33, 48, and 49; Prayer for Relief, ¶ 9, 15, 22, 29, 35, 40, 45, 49, 53,

---

[3] Because there are approximately 58 weeks (or approximately 29 pay periods) between June 25, 2019 through August 9, 2020, no individual class member has reached the $4,000 maximum on penalties provided for under Labor Code section 226. (i.e., 29 wage statements x $50 penalty = $1,450 maximum in penalties per employee.)

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

15.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

and 60. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, a court should consider the aggregate value of claims *as well as* attorney's fees. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In fact, the Ninth Circuit has an established benchmark of 25 percent of the amount recoverable for an award of attorneys' fees in class actions. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (same). This 25 percent figure has been repeatedly relied upon by the courts to determine the amount in controversy for removal purposes. *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. June 14, 2013) (including 25 percent attorneys' fees to increase the amount in controversy to above $5 million CAFA threshold); *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (same).

62.     In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be 25 percent to 30 percent of the settlement and, thus even a conservative estimate of attorneys' fees in this matter would be far in excess of $1 million.[4]

63.     Furthermore, in affirmatively ruling that attorney's fees "may be included in the amount in controversy," (*Galt G/S*, 142 F.3d at 1155), the Ninth Circuit "must

---

[4] *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million (25 percent)); *Burns v. Merrill Lynch*, N.D. Cal. No. 3:04-cv-04135 (August 2005) (approving $37 million settlement for claims of failure to pay overtime; attorneys' fees of $9.25 million (25 percent)); *Coldiron v. Pizza Hut-Yum! Brands, Inc.*, C.D. Cal. No. 03-5865 (June 2006) (approving $12.5 million settlement for alleged improperly classified restaurant managers as exempt from overtime with attorneys' fees of $3.125 million (25 percent)); *Mousai v. E-Loan, Inc.*, N.D. Cal. No. 3:06-cv-01993-SI (January 12, 2007) (preliminary approval of settlement of $13.6 million for claims of unpaid overtime, and meal and rest break violations; attorneys' fees award estimated at $3.4 million (25%)).

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

have anticipated that district courts would project fees beyond removal." *Simmons*, 209 F. Supp. 2d at 1034-35. Just as the "court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal," it also must "measure . . . fees . . . that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.*; *see also Cagle*, 2014 WL 651923, at *10-11 (holding that an estimate of the amount of attorney hours through trial was a reasonable estimate for purposes of determining amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (holding that for determining amount in controversy, attorneys' fees should be assessed through trial, and finding amount in controversy met in part by reasonable estimate of fees). Therefore, the Court may consider a 25 percent attorney's fees award for the purposes of calculating the amount in controversy.

64.    Based on Plaintiff's allegations, the amount in controversy for just unpaid overtime, unpaid minimum wages, meal and rest break premiums, and waiting time and wage statement penalties is **$18,912,447.00**. This subtotal far exceeds $5,000,000 absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$4,728,111.75** for a total amount in controversy of **$23,640,558.75**.

## VII.    SUMMARY OF AMOUNT IN CONTROVERSY[5]

65.    Removal of this action is therefore proper, as the aggregate value of Plaintiff's class causes of action for unpaid minimum wages, unpaid overtime, meal and rest break premiums, waiting time penalties, wage statement penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

---

[5] Plaintiff also allege class action claims for Fraud, Negligent Misrepresentation, Breach of Contract, Accounting, and Violation of California Business & Professions Code. (Aragon Decl, ¶ 2, Exh. A, Complaint, ¶¶ 79-124, Prayer for Relief, ¶¶ 42-59). The above-mentioned would only be above and beyond the **$23,640,558.75** amount in controversy.

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA  90071
213.443.4300

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages | $1,323,521.00 |
| Unpaid Overtime | $1,986,388.00 |
| Meal Break Premiums | $6,622,605.00 |
| Rest Break Premiums | $6,622,605.00 |
| Waiting Time Penalties | $1,832,328.00 |
| Wage Statement Penalties | $525,000.00 |
| **TOTAL (w/o attorney's fees)** | **$18,912,447.00** |
| Attorneys' Fees | $4,728,111.75 |
| **AMOUNT IN CONTROVERSY** | **$23,640,558.75** |

66. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

## VIII. CONCLUSION

67. For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

68.     **WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:  August 6, 2020

Respectfully submitted,


*/s/ Rebeca Aragon*
REBECCA ARAGON
HOVANNES G. NALBANDYAN
LAURA E. SCHNEIDER
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
FREEDOMROADS, LLC
(erroneously sued as
FREEDOMROADS, LLC d/b/a
CAMPING WORLD)

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

19.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT