# Exhibit A

TO: 16619497524 From: (None) 06/26/20 11:32 AM Page 4 of 7

Monica Alvarez POTSmodem4 JB # 10814 13:35 (35/35) 06/25/2020 04:05:07 PM -0700

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court of California
County of Los Angeles
JUN 25 2020
Sherri R. Carter, Executive Officer/Clerk
By ______, Deputy

**NOTICE TO DEFENDANT:** FREEDOMROADS, LLC d/b/a CAMPING
***(AVISO AL DEMANDADO):*** WORLD, a Minnesota Limited Liability Corporation ; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KAMELA WOODINGS, on behalf of
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** herself and all other members of the putative class

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER: (Número del Caso): **20STCV24159**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
N.Rex Parris, Esq. (SBN 96567); Kitty K.Szeto, Esq. (SBN 258136); John M. Bickford, Esq. (SBN 280929); Ryan A. Crist, Esq. (316653)
PARRIS LAW FIRM - 43364 10th Street West, Lancaster, CA 93534 (661) 949-2595

DATE *(Fecha)* JUN 25 2020 SHERRI R. CARTER Clerk, by *(Secretario)* ______, Deputy *(Adjunto)*
RITA NAZARYAN

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

16:07:05 2020-06-25

Opt-Out: Not Defined

FILED
Superior Court of California
County of Los Angeles
JUN 25 2020
Sherri R. Carter, Executive Officer/Clerk
By ________, Deputy

R. Rex Parris (SBN 96567)
Kitty K. Szeto (SBN 258136)
John M. Bickford (SBN 280929)
Ryan A Crist (SBN 316653)
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone: (661) 949-2595
Facsimile: (661) 949-7524

Attorneys for Plaintiff KAMELA WOODINGS and the Putative Class

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

KAMELA WOODINGS, on behalf of herself and all other members of the putative class,

Plaintiff,

v.

FREEDOMROADS, LLC d/b/a CAMPING WORLD, a Minnesota Limited Liability Corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: **20STCV24159**

**CLASS ACTION**

**COMPLAINT**

(1) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(2) Violation of California Labor Code § 1198 (Unpaid Overtime);
(3) Violation of California Labor Code § 226.7 (Unpaid Meal Period Premiums);
(4) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); and
(7) Fraud
(8) Negligent Misrepresentation
(9) Breach of Contract
(10) Accounting
(11) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

Plaintiff KAMELA WOODINGS ("Plaintiff") on behalf of herself and all other members of the putative class, files this Complaint against Defendant FREEDOMROADS, LLC d/b/a CAMPING WORLD and DOES 1 through 100, inclusive ("Defendants"). Plaintiff's allegations are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative or putative class member, including claims for compensatory damages, interest, penalties, and attorneys' fees, is less than $75,000.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because each defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## PARTIES

5. Plaintiff KAMELA WOODINGS ("Plaintiff") is a citizen of the State of California.

6. Defendant FREEDOMROADS, LLC d/b/a CAMPING WORLD ("CAMPING WORLD") is a corporation organized and existing under the laws of the State of California, and transacts business throughout the State of California, including the County of Los Angeles. Its corporate offices are located at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois 60069. CAMPING WORLD is America's

largest retailer of recreational vehicles and RV outdoor supplies and accessories. CAMPING WORLD dealers provide maintenance and repair services as well as financing. At all relevant times, CAMPING WORLD was the "employer" of Plaintiff within the meaning of all state laws and statutes.

7. At all times herein relevant, Defendants CAMPING WORLD and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each defendant designated as a Doe is legally responsible for the events and happenings referred to, and unlawfully caused the injuries and damages to Plaintiff alleged. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9. Defendants CAMPING WORLD and DOES 1 through 100 will collectively be called "Defendants" or "CAMPING WORLD."

## FACTUAL ALLEGATIONS

10. Defendants employed Plaintiff as a non-exempt or hourly-paid employee. Plaintiff's compensation was set forth in a written agreement ("Compensation Agreement") which specified compensation in the form of hourly wages and a commission based on sales. As respects commission related compensation, Defendants agreed to pay Plaintiff a commission equal to 20% of "gross profit." Gross profit is defined in the Compensation Agreement as "sales proceeds (including doc fees) less; all actual costs associated with sale and delivery of New or Used Unit to the purchaser, and any Dealer or Corporate 'Pack'."

11. Defendants have the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff and the other class members; and to supervise their

daily employment activities.

12. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

13. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment, and personnel practice.

15. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for all work performed, including for overtime compensation.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were working over eight (8) hours per day and were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

17. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly paid employees.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and/or applicable Labor Codes, thus are entitled to any and all applicable penalties.

19. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or

should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

24. At all material times set forth herein, Defendants regularly and consistently failed to compensate Plaintiff and the other class members for all hours worked.

25. At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to pay overtime wages to Plaintiff and the other class members.

26. At all material times set forth herein, Defendants failed to fully comply with the relevant provision of the Labor Code and the IWC orders to provide uninterrupted meal and rest periods to Plaintiff and the other class members.

27. At all material times set forth herein, Defendants regularly and consistently failed to provide complete and accurate wage statements to Plaintiff and the other class members.

28. At all material times set forth herein, Defendants regularly and consistently failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

29. At all materials times set forth herein, Defendants regularly and consistently failed to pay Plaintiff and the other class members all wages earned in the form of commissions. Specifically, per

the terms of the Compensation Agreement Defendants were to pay Plaintiff and the other class members commissions based on the "gross profit", which is defined as the "sales proceeds" minus "actual costs." In calculating Plaintiff and the other class members' earned commissions, Defendants misrepresented the amount of "actual costs" Defendants paid. Defendants did so by reporting costs that Defendants did not "actually" incur, either because the actually incurred cost was lower, was reimbursed or was never incurred. Defendants also misrepresented the amount of "sales proceeds" by excluding certain items such as warranties and other add on items from the amount of "sales proceeds." By falsely reducing the amount of "sales proceeds" and increasing the amount of "actual costs", Defendants were able to and did reduce the amount of commissions to which Plaintiff and the other class members were entitled.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

31. The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees employed by Defendants within the State of California at any time during the period from June 25, 2016 to final judgment.

32. Plaintiff reserves the right to establish subclasses as appropriate.

33. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be ninety-nine (99) individuals or more and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c. Plaintiff will fairly and adequately protect the interests of each class member,

with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed Class Counsel, are versed in the rules governing class action discovery, certification, settlement, and trial. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

34. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendant failed to pay Plaintiff and the other class members the legally-mandated minimum-wage for all hours worked;

b. Whether Defendant miscalculated and failed to pay Plaintiff and the other class members the full amount of earned commissions;

c. Whether Plaintiff and the other class members worked over eight hours in a single day and Defendant failed to pay them the legally required overtime compensation;

d. Whether Defendants failed to provide Plaintiff and class members with the

opportunity to take meal periods;

e. Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

f. Whether Defendants complied with wage reporting as required Labor Code section 226;

g. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

h. Whether Defendants engaged in fraud in calculating and paying earned commissions;

i. Whether Defendants engaged in negligent misrepresentation in calculating and paying earned commissions;

j. Whether Defendants breached their employment contracts with the class members by misrepresenting and underpaying earned commissions;

k. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

l. Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code.

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code sections 1194, 1197, and 1197.1)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34, and each and every part thereof with the same force and effect as though fully set forth herein.

36. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

37. During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

38. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

39. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

40. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code section 1198)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, and each and every part thereof with the same force and effect as though fully set forth herein.

42. Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

43. Pursuant to California Labor Code section 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

44. Pursuant to the applicable IWC Wage Order, Plaintiff and the other class members are not to be employed more than eight (8) hours in any one workday or more than six (6) days in any workweek unless they receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over eight (8) hours in any workday and for the first eight (8) hours on the seventh (7th) day of

work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek.

45. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and more than six (6) days in a workweek, but did not receive overtime pay.

46. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

47. Defendants' failure to pay Plaintiff and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code section 1198, and is therefore unlawful.

48. Pursuant to California Labor Code section 1194, subdivision (a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

49. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code section 226.7)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

50. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49, and each and every part thereof with the same force and effect as though fully set forth herein.

51. At all relevant times, the IWC Order and California Labor Code section 226.7, subdivision (a) was applicable to Plaintiff's and the other class members' employment by Defendants.

52. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

53. At all relevant times, the applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without

providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

54. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

55. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

56. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

57. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

58. Defendants' conduct violates applicable IWC Wage Order and California Labor Code section 226.7.

59. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7 subdivision (b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code section 226.7)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

60. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

62. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

63. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 1/2) hours.

64. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

65. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

66. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

67. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

68. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7, subdivision (b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code sections 201 and 202)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

69. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70. Pursuant to California Labor Code sections 201 and 202, if an employer discharges an

employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ.

72. Defendants' failure to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

73. Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

74. Plaintiff and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code section 226(a))**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

75. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76. Pursuant to California Labor Code section 226, subdivision (a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

77. Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.

78. As a result of Defendants' violation of California Labor Code section 226, subdivision (a), Plaintiff and the other class members experience actual injury because it: (1) resulted in the non-payment of wages; (2) deprived Plaintiff and the class members of the information necessary to identify discrepancies in Defendant's reported data; (3) created confusion over whether they received all wages owed to them; (4) created difficulty and expense involved in reconstructing pay records; and (5) forced Plaintiff and the class member to make mathematical computations to analyze whether the wages paid in fact properly compensated them.

**SEVENTH CAUSE OF ACTION**

**(Fraud)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

79. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

80. As alleged herein, Defendants entered into an employment contract Plaintiff and each of the class members, pursuant to which Defendants agreed to pay commissions in addition to hourly wages.

81. Defendants represented to Plaintiff and each of the class members that commissions will be calculated based on the "gross profit" of individual sales. Defendants further represented that gross profits will be calculated as the "sales proceeds" minus "actual costs." Said representations were made to Plaintiff by Scott Biane, the General Manager of Defendants' Newhall, California location.

82. At the time that Defendants made such representations, by and through their authorized representative(s), Defendants knew that such representations were false, in that Defendants never intended to pay Plaintiff and each of the class members the total amount of commissions earned. Instead, at the time they made such representations to Plaintiff and each of the class members, Defendants intended to pay Plaintiff and each of the class members substantially less by misrepresenting the total "sales proceeds" and "actual costs" incurred in connection with each sale.

83. Subsequently, Defendants did, in fact, misrepresent the amount of "sales proceeds" and "actual costs" incurred in connection with each sale Plaintiff and each of the class members made, and as a result paid Plaintiff and each of the class members' commissions in amounts substantially less than Plaintiff and each of the class members actually earned.

84. Defendants made such misrepresentations with the express purpose and intent that Plaintiff and each of the class members rely on said misrepresentations and engage in efforts to secure sales of Defendants' goods and services.

85. Plaintiff and each class member relied on Defendants' misrepresentations, as alleged herein, to their detriment. In reliance on said false representations, Plaintiffs engaged in efforts to and did negotiate sales of Defendants' goods and services, but were paid substantially less than the commission they were entitled to pursuant to the parties' agreement.

86. As a direct result of Defendants' misrepresentations and fraud, as described above, Plaintiffs have suffered damages in an amount to be proven at trial.

87. At all times Defendants' misrepresentation to Plaintiff were made by their "managing agent" Scott Biane, who was the general manager of Defendants' Newhall, California location. Biane was and is Defendants' manager in charge of overseeing all of Defendants' operations at the Newhall, California location, with the power and authority to make corporate decisions and direct corporate policy on behalf of Defendants.

88. Moreover, at all times Defendants have ratified said misrepresentations, and have engaged in a corporate policy of hiding their fraudulent conduct. Prior to filing the instant action Plaintiff complained that she was undercompensated, and demanded an inspection of Defendants' records so that Plaintiff can personally evaluate Defendants' representations regarding actual "sales proceeds" and

"costs." Defendants refused and continue to refuse to provide Plaintiff with said accounting, all in an effort to conceal their misrepresentations to Plaintiff.

89. Defendants' conduct was oppressive, fraudulent and malicious, and constitutes despicable conduction in conscious disregard for Plaintiffs' rights. Therefore, Plaintiffs are entitled to an award of exemplary or punitive damages under California Civil Code section 3294.

**EIGHTH CAUSE OF ACTION**

**(Negligent Misrepresentation)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

90. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

91. As alleged herein, Defendants entered into an employment contract Plaintiff and each of the class members, pursuant to which Defendants agreed to pay commissions in addition to hourly wages.

92. Defendants represented to Plaintiff and each of the class members that commissions will be calculated based on the "gross profit" of individual sales. Defendants further represented that gross profits will be calculated as the "sales proceeds" minus "actual costs." Said representations were made to Plaintiff by Scott Biane, the General Manager of Defendants' Newhall, California location.

93. At the time that Defendants made such representations, by and through their authorized representative(s), Defendants knew or should have known that such representations were false, in that Defendants did not intend to calculate Plaintiff and each of the class members' earned commissions based on actual "sales proceeds" minus "actual costs," but rather utilizing a different formula that did not take into account the "actual" numbers.

94. Subsequently, in calculating Plaintiff and each class members' earned commissions, Defendants did not use the amount of actual "sales proceeds" and "actual costs," but rather used substantially different numbers, as a result of which Defendants paid Plaintiff and each of the class members' commissions in amounts substantially less than Plaintiff and each of the class members actually earned.

95. Defendants made such representations with the knowledge and intent that Plaintiff and

each of the class members rely on said representations and engage in efforts to secure sales of Defendants' goods and services.

96. Plaintiff and each class member relied on Defendants' representations, as alleged herein, to their detriment. In reliance on said representations, Plaintiff and each of the class members engaged in efforts to and did negotiate sales of Defendants' goods and services, but were paid substantially less than the commission they were entitled to pursuant to the parties' agreement.

97. As a direct result of Defendants' representations, as described above, Plaintiff and each of the class members have suffered damages in an amount to be proven at trial.

98. At all times Defendants' representation to Plaintiff were made by their "managing agent" Scott Biane, who was the general manager of Defendants' Newhall, California location. Biane was and is Defendants' manager in charge of overseeing all of Defendants' operations at the Newhall, California location, with the power and authority to make corporate decisions and direct corporate policy on behalf of Defendants.

99. Moreover, at all times Defendants have ratified said representations, and have engaged in a corporate policy of hiding their fraudulent conduct. Prior to filing the instant action Plaintiff complained that she was undercompensated, and demanded an inspection of Defendants' records so that Plaintiff can personally evaluate Defendants' representations regarding actual "sales proceeds" and "costs." Defendants refused and continue to refuse to provide Plaintiff with said accounting, all in an effort to conceal their misrepresentations to Plaintiff.

**NINTH CAUSE OF ACTION**

**(Breach of Contract)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

100. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 99, and each and every part thereof with the same force and effect as though fully set forth herein.

101. As alleged herein, Defendants entered into an employment contract Plaintiff and each of the class members, pursuant to which Defendants agreed to pay Plaintiffs commissions in exchange for Plaintiffs' sales of Defendants' goods and services.

102. Per the parties' agreement, commissions payable to Plaintiff and each of class members

are to be calculated based on the "gross profit" of individual sales Plaintiff and each of the class members make. Per the terms of the agreement, "gross profits" are calculated as the "sales proceeds" minus "actual costs."

103. Plaintiff and each of the class members have fulfilled all of their obligations under the agreement, in that they engaged in and negotiate sales of Defendants goods and services.

104. Defendants have breached the parties' agreement, by paying Plaintiff and each of the class members substantially less than the commission amounts Plaintiff and each of the class members are entitled to per the terms of the parties' agreement.

105. Defendants have underpaid Plaintiff and each of the class members as a result of their custom and practice of calculating the "gross profit" on each individual sale by using figures that are lower than actual "sales proceeds" and higher than "actual costs." As a result, the "gross profit" based on which Defendants calculated Plaintiff and each of the class members' earned commissions was lower than called for in the parties' agreement, with the result that the commissions paid to Plaintiff and each of the class members were lower than those actually required pursuant to the terms of the parties' agreement.

106. Defendants' conduct constitutes a breach of the parties' agreement, in that Defendants have failed to pay Plaintiff and each of the class members the full amount of commissions they were entitled to per the terms of the parties' agreement, causing Plaintiff and each of the class members substantial economic damage.

107. As a direct result of Defendants' conduct described above, Plaintiff and each of the class members are entitled to damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

**(Accounting)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

108. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107 and each and every part thereof with the same force and effect as though fully set forth herein.

109. Defendants have failed and refused to pay Plaintiff and each of the class members the total amount of earned commissions due per the parties' employment agreement. Defendants have also failed and refuse to provide Plaintiff and each of the class members documentation relating to individuals sales,

including "gross proceeds" and "actual costs", from which Plaintiff and each of the class members can determine the actual amount of commissions they are owed.

110. Defendants are in sole possession of all documentation and information regarding the amount of individual sales, including "sales proceeds" and "actual costs", and thus Plaintiff and each of the class members lack the information from which to calculate the amounts they are owed by Defendants.

111. Plaintiff and each of the class members thus demand the equitable remedy of accounting, so that they can determine the amount by which they have been damaged.

**ELEVENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code sections 17200 et seq.)**

**(Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)**

112. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113. Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors. Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

114. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

115. A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.

**Failure to Pay Overtime**

116. Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code section 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failing to Provide Meal Periods**

117. Defendants' failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair

activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Provide Rest Periods**

118. Defendants' failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

**Failure to Pay Minimum Wages**

119. Defendants' failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Timely Pay Wages Upon Termination**

120. Defendants' failure to timely pay wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Timely Pay Wages During Employment**

121. Defendants' failure to timely pay wages during employment in violation of California Labor Code section 204, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Provide Compliant Wage Statements**

122. Defendants' failure to provide compliant wage statements in violation of California Labor Code section 226, subdivision (a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Keep Complete and Accurate Payroll Records**

123. Defendants' failure to keep complete and accurate payroll records in violation of California Labor Code section 1174, subdivision (d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**Failure to Pay Commissions**

124. Defendants' failure to pay Plaintiffs earned wages by intentionally miscalculating the amount of commissions Plaintiffs earned during employment, as alleged above, is in violation of

California Labor Code sections 201, 202, 203, 204 and 1194 and constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendant provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

6. For general unpaid wages and such general and special damages as may be appropriate;

7. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

8. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9. For reasonable attorneys' fees and costs of suit incurred herein; and

10. For liquidated damages pursuant to California Labor Code section 1194.2; and

11. For such other and further relief as the court may deem just and proper.

**As to the Second Cause of Action**

12. That the court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

13. For general unpaid wages at overtime wage rates and such general and special damages as

may be appropriate;

14. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

**As to the Third Cause of Action**

17. That the court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

18. That the court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due;

22. For reasonable attorneys' fees and costs of suit incurred herein; and

23. For such other and further relief as the court may deem just and proper.

**As to the Fourth Cause of Action**

24. That the court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

25. That the court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

26. For all actual, consequential, and incidental losses and damages, according to proof;

27. For premium wages pursuant to California Labor Code section 226.7, subdivision (b);

28. For pre-judgment interest on any unpaid wages from the date such amounts were due;

29. For reasonable attorneys' fees and costs of suit incurred herein; and

30. For such other and further relief as the court may deem just and proper.

**As to the Fifth Cause of Action**

31. That the court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

32. For all actual, consequential, and incidental losses and damages, according to proof;

33. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

34. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

35. For reasonable attorneys' fees and costs of suit incurred herein; and

36. For such other and further relief as the court may deem just and proper.

**As to the Sixth Cause of Action**

37. That the court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

38. For actual, consequential and incidental losses and damages, according to proof;

39. For actual damages pursuant to California Labor Code section 226, subdivision (e);

40. For reasonable attorneys' fees and costs of suit incurred herein; and

41. For such other and further relief as the court may deem just and proper.

**As to the Seventh Cause of Action**

42. For all actual, consequential, and incidental losses and damages, according to proof;

43. For punitive damages

44. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

45. For reasonable attorneys' fees and costs of suit incurred herein; and

46. For such other and further relief as the court may deem just and proper.

**As to the Eighth Cause of Action**

47. For all actual, consequential, and incidental losses and damages, according to proof;

48. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

49. For reasonable attorneys' fees and costs of suit incurred herein; an

50. For such other and further relief as the court may deem just and proper.

**As to the Ninth Cause of Action**

51. For all actual, consequential, and incidental losses and damages, according to proof;

52. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

53. For reasonable attorneys' fees and costs of suit incurred herein; and

54. For such other and further relief as the court may deem just and proper.

**As to the Tenth Cause of Action**

55. For a full and complete accounting of all Defendants' revenues, costs and profits in connection with each sale of goods and services made by Plaintiffs.

**As to the Eleventh Cause of Action**

56. That the court decree, adjudge and decree that Defendants California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, and failing to pay at least minimum wages to Plaintiff and the other class members.

57. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

58. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

59. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

60. For reasonable attorneys' fees and costs of suit incurred herein; and

61. For such other and further relief as the court may deem just and proper.

Date: June 25, 2020

**PARRIS LAW FIRM**

By: [signature]
John M. Bickford
Attorneys for Plaintiff KAMELA WOODINGS and the Putative Class

**DEMAND FOR JURY TRIAL**

Plaintiff KAMELA WOODINGS, on behalf of herself and all other members of the putative class, hereby demands a trial by a jury.

Date: June 25, 2020

**PARRIS LAW FIRM**

By: [signature]
John M. Bickford
Attorneys for Plaintiff KAMELA WOODINGS and the Putative Class

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**



Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: **Case Manager (213) 253-9776** mdawson@jamsadr.com
- Mediation Center of Los Angeles: **Case Manager: (833) 476-9145** info@mediationLA.org

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

To: 16619497524 From: (None) 06/26/20 11:33 AM Page 5 of 7

Monica Alvarez POTSmodem4 (29/35) 06/25/2020 03:57:54 PM -0700

CM-010

R.Rex Parris, Esq. (SBN 96567); Kitty K.Szeto, Esq. (SBN 258136);
John M. Bickford (SBN 280929) Ryan A Crist (SBN 316653)
PARRIS LAW FIRM - 43364 10th Street West, Lancaster, CA 93534
TELEPHONE NO. (661) 949-2595 FAX NO.: (661) 949-7524
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Woodings v. Freedomroads, LLC d/b/a Camping World

FOR COURT USE ONLY

FILED
Superior Court of California
County of Los Angeles
JUN 25 2020
Sherri R. Carter, Executive Officer/Clerk
By ______ Deputy

CASE NUMBER: 20STCV24159
JUDGE:
DEPT:

**CIVIL CASE COVER SHEET**

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case.

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Eleven (11)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2020

John M. Bickford, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

16:07:03 2020-06-25

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Opt-Out: Not Defined

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Woodings v. Freedomroads, LLC d/b/a Camping World | CASE NUMBER 20STCV24159 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Woodings v. Freedomroads, LLC d/b/a Camping World | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, (2), 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Woodings v. Freedomroads, LLC d/b/a Camping World | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Woodings v. Freedomroads, LLC d/b/a Camping World | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: |
|---|---|---|---|
| CITY: Los Angeles | STATE: Californi | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 25, 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

To: 16619497524 From: (None) 06/26/20 11:32 AM Page 2 of 7

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 06/25/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: R Nazaryan Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 20STCV24159 |

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Elihu M. Berle | 6 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 06/26/2020 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Nazaryan, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Opt-Out: Not Defined

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.