1  R. Rex Parris (SBN 96567)
   Kitty K. Szeto (SBN 258136)
2  John M. Bickford (SBN 280929)
   **PARRIS LAW FIRM**
3  43364 10th Street West
   Lancaster, California 93534
4  Telephone:   (661) 949-2595
   Facsimile:   (661) 949-7524
5
   Attorneys for Plaintiffs KAMELA WOODINGS,
6  JODI DORMAIER, and the Putative Class

7                **UNITED STATES DISTRICT COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9

10 KAMELA WOODINGS and JODI          )  Case No. 2:20-cv-07072-MCS (JEMx)
   DORMAIER, on behalf of themselves and )
11 all other members of the putative class, )  **CLASS ACTION**
                                          )
12              Plaintiffs,               )  **SECOND AMENDED COMPLAINT**
                                          )
13        v.                              )  **DEMAND FOR JURY TRIAL**
                                          )
14                                        )
   FREEDOMROADS, LLC d/b/a CAMPING )
15 WORLD, a Minnesota Limited Liability   )
   Corporation,                           )
16                                        )
                                          )
17              Defendant.                )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )

26

27

28

Plaintiffs KAMELA WOODINGS and JODI DORMAIER ("Plaintiffs") on behalf of themselves and all other members of the putative class, file this First Amended Complaint against Defendant FREEDOMROADS, LLC d/b/a CAMPING WORLD ("Defendant").  Plaintiffs' allegations are based upon information and belief and upon investigation of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)–(6), because there is (1) at least 100 class members; (2) minimal diversity, and (3) an amount in controversy that exceed $5 million, exclusive of interest and costs.

2.    This Court has personal jurisdiction over Defendant because it has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.    Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c).

## PARTIES

4.    Plaintiff KAMELA WOODINGS ("Plaintiff Woodings") is a citizen of the State of California.

5.    Plaintiff JODI DORMAIER ("Plaintiff Dormaier") is a citizen of the State of Washington.

6.    Defendant FREEDOMROADS, LLC d/b/a CAMPING WORLD ("CAMPING WORLD") is a limited liability corporation organized and existing under the laws of the State of Minnesota, and transacts business throughout the State of California, including the County of Los Angeles.  Its corporate offices are located at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois 60069.  CAMPING WORLD is America's largest retailer of recreational vehicles and RV outdoor supplies and accessories.  CAMPING

1

WORLD dealers provide maintenance and repair services as well as financing.  At all relevant times, CAMPING WORLD was the "employer" of Plaintiffs within the meaning of all state laws and statutes.

## FACTUAL ALLEGATIONS

7.     Defendant employed Plaintiffs as non-exempt or hourly-paid employees. Plaintiffs' compensation was set forth in a written agreement ("Compensation Agreement") which specified compensation in the form of hourly wages and a commission based on sales.  As respects commission related compensation, Defendant agreed to pay Plaintiffs a commission equal to 20% of "gross profit."  Gross profit is defined in the Compensation Agreement as "sales proceeds (including doc fees) less; all actual costs associated with sale and delivery of New or Used Unit to the purchaser, and any Dealer or Corporate 'Pack'."

8.     Defendant has the authority to hire and terminate Plaintiffs and the other class members; to set work rules and conditions governing Plaintiffs and the other class members; and to supervise their daily employment activities.

9.     Defendant directly hired and paid wages and benefits to Plaintiffs and the other class members.

10.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, Defendant was advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California and Washington wage laws, employment, and personnel practices.

11.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein relevant, without any justification, Defendant ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California and Washington wage laws, employment, and personnel practice.

12.    Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to

2

receive certain wages for all work performed, including for overtime compensation.

13.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were working over eight (8) hours per day and/or forty (40) hours per workweek and were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

14.     Plaintiffs are informed and believe, and based thereon allege, that Defendant engaged in a uniform policy and systematic scheme of wage abuse against their hourly paid employees.

15.     Plaintiffs are informed and believe, and based thereon allege, that Defendant failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the California Industrial Welfare Commission Wage Orders, applicable California Labor Codes, applicable Revised Codes of Washington, and/or Washington Administrative Codes, and thus are entitled to any and all applicable penalties and/or damages.

16.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour or thirty minutes of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed, interrupted, or shortened.

17.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour or ten minutes of pay at Plaintiffs' and the other class members' regular rate of pay, or at one and one-half times Plaintiffs' and the other class members' the regular rate of pay, when a rest period was missed or shortened.

18.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to

3

receive all wages owed to them upon discharge or resignation.

19.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

20.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California and Washington law, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendant's profits.

21.     At all material times set forth herein, Defendant regularly and consistently failed to compensate Plaintiffs and the other class members for all hours worked.

22.     At all material times set forth herein, Defendant failed to fully comply with the relevant provision of the California Labor Code, the California IWC orders, as well as the relevant provisions of the Washington Administrative Code and the Revised Code of Washington to pay overtime wages to Plaintiffs and the other class members.

23.     At all material times set forth herein, Defendant failed to fully comply with the relevant provision of the California Labor Code, the California IWC orders, as well as the relevant provisions of the Washington Administrative Code and the Revised Code of Washington to provide uninterrupted meal and rest periods to Plaintiffs and the other class members.

24.     At all material times set forth herein, Defendant regularly and consistently failed to provide complete and accurate wage statements to Plaintiffs and the other class members.

25.     At all material times set forth herein, Defendant regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

26.     At all materials times set forth herein, Defendant regularly and consistently

4

failed to pay Plaintiffs and the other class members all wages earned in the form of commissions. Specifically, per the terms of the Compensation Agreement, Defendant was to pay Plaintiffs and the other class members commissions based on the "gross profit", which is defined as the "sales proceeds" minus "actual costs." In calculating Plaintiffs' and the other class members' earned commissions, Defendant misrepresented the amount of "actual costs" Defendant paid. Defendant did so by reporting costs that Defendant did not "actually" incur, either because the actually incurred cost was lower, was reimbursed or was never incurred. Defendant also misrepresented the amount of "sales proceeds" by excluding certain items such as warranties and other add on items from the amount of "sales proceeds." By falsely reducing the amount of "sales proceeds" and increasing the amount of "actual costs", Defendant was able to and did reduce the amount of commissions to which Plaintiffs and the other class members were entitled.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and on behalf of others similarly situated. They seek class certification under Federal Rule of Civil Procedure 23.

28. The proposed classes are defined:

**The California Subclass**

> All current and former hourly-paid or non-exempt employees employed by Defendant within the State of California at any time during the period from June 25, 2016 to final judgment.

**The Washington Subclass**

> All current and former hourly-paid or non-exempt employees employed by Defendant within the State of Washington at any time during the period from June 25, 2017 to final judgment.

29. These individuals are excluded from the class: Defendant and its officers, directors, employees, subsidiaries, and affiliates; all judges assigned to this case and any members of their immediate families; and the parties' counsel.

30. In addition, or in the alternative, to the above-defined class, Plaintiffs reserve

5

the right to establish subclasses to facilitate the effective management of the class.

31.     The classes meet the requirements of Federal Rule of Civil Procedure 23(a), (b)(1) & (2):

a.     Numerosity: Defendant employs hundreds of class members in California and Washington.  Members of the class are widely dispersed throughout the California and Washington.  Class members are therefore so numerous that joinder of all class members if impracticable.

b.     Commonality/Predominance:  There are questions of law and fact common to the class that predominate over questions affecting only individual members. These include, but are not limited to:

- Whether Defendant failed to pay Plaintiffs and the other class members the legally-mandated minimum-wage for all hours worked;

- Whether Defendant miscalculated and failed to pay Plaintiffs and the other class members the full amount of earned commissions;

- Whether Plaintiffs and the other class members worked over eight hours in a single day and/or forty hours in a workweek and Defendant failed to pay them the legally required overtime compensation;

- Whether Defendant failed to provide Plaintiffs and class members with the opportunity to take meal periods;

- Whether Defendant failed to ensure or authorize and permit Plaintiffs and class members to take rest periods;

- Whether Defendant complied with wage reporting as required under the California Labor Code and Wage Orders;

- Whether Defendant engaged in unfair business practices in

6

violation of California Business & Professions Code §§ 17200 *et seq.*;

- Whether Defendant engaged in fraud in calculating and paying earned commissions;

- Whether Defendant engaged in negligent misrepresentation in calculating and paying earned commissions;

- Whether Defendant breached its employment contracts with Plaintiffs and the other class members by misrepresenting and underpaying earned commissions;

- The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California and Washington law; and

- Whether Plaintiffs and the class are entitled to compensatory damages pursuant to the California Labor Code, the Revised Code of Washington.

c. Typicality:  Plaintiffs' claims are typical of the claims of the other class members.  Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the other class members to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the other class members.

d. Adequacy:  Plaintiffs will fairly and adequately represent and protect the interests of the class they seeks to represent because (1) Plaintiffs have retained experienced litigation counsel with significant experience in class action litigation who will adequately represent the interest of the class; (2) Plaintiffs and their counsel are aware of no conflicts of interest between Plaintiffs and the other class members; and (3) Plaintiffs are knowledgeable about the subject matter of this action and will assist counsel in the prosecution of this action.

32.     Superiority:   A class action provides a fair and efficient method of adjudicating this controversy and is superior to other available methods of adjudication in that: (1) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual class members or the individual prosecution of separate actions by individual class members or the individual joinder of all class members in this action is impracticable, and would create a massive and unnecessary burden on the resources of the courts, and could cause inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each members of the class; (3) because of the disparity of resources available to Defendant versus those available to individual class members, prosecution of separate actions would work a financial hardship on many of the class members; (4) the conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each class member and meets all due process requirements as to fairness to all parties; and (5) all of the claims arise out of the same circumstances and course of conduct.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code sections 1194, 1197, and 1197.1)

### (Against Defendant FREEDOMROADS, LLC)

33.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 32, and each and every part thereof with the same force and effect as though fully set forth herein.

34.     Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

35.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

36.     During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

37.     Defendant's failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

38.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

39.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code section 1198)

### (Against Defendant FREEDOMROADS, LLC)

40.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39, and each and every part thereof with the same force and effect as though fully set forth herein.

41.     Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

42.     Pursuant to California Labor Code section 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

9

43.     Pursuant to California Labor Code section 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.   The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

44.     Pursuant to the applicable IWC Wage Order, Plaintiff and the other class members are not to be employed more than eight (8) hours in any one workday or more than six (6) days in any workweek unless they receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over eight (8) hours in any workday and for the first eight (8) hours on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek.

45.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and more than six (6) days in a workweek, but did not receive overtime pay.

46.     During the relevant time period, Defendant intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

47.     Defendant's failure to pay Plaintiff and the other class members overtime compensation, as required by California laws, violates the provisions of California Labor Code section 1198, and is therefore unlawful.

48.     Pursuant to California Labor Code section 1194, subdivision (a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

49.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs,

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

and attorneys' fees.

### **THIRD CAUSE OF ACTION**

**(Violation of California Labor Code section 226.7)**

**(Against Defendant FREEDOMROADS, LLC)**

50.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 49, and each and every part thereof with the same force and effect as though fully set forth herein.

51.     Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

52.     At all relevant times, the IWC Order and California Labor Code section 226.7, subdivision (a) was applicable to Plaintiff's and the other class members' employment by Defendant.

53.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.     At all relevant times, the applicable IWC Wage Order provides that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

56.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to

work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

57.     During the relevant time period, Defendant intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

58.     During the relevant time period, Defendant failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

59.     Defendant's conduct violates applicable IWC Wage Order and California Labor Code section 226.7.

60.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7 subdivision (b), Plaintiff and the other class members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## FOURTH CAUSE OF ACTION
### (Violation of California Labor Code section 226.7)
### (Against Defendant FREEDOMROADS, LLC)

61.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 60, and each and every part thereof with the same force and effect as though fully set forth herein.

62.     Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

63.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendant.

64.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

applicable order of the California IWC.

65. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 1/2) hours.

66. During the relevant time period, Defendant required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67. During the relevant time period, Defendant willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

68. During the relevant time period, Defendant failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

69. Defendant's conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

70. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7, subdivision (b), Plaintiff and the other class members are entitled to recover from Defendant one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code sections 201 and 202)
### (Against Defendant FREEDOMROADS, LLC)

71. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein.

72.     Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

73.     Pursuant to California Labor Code sections 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74.     During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendant's employ.

75.     Defendant's failure to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendant's employ, is in violation of California Labor Code sections 201 and 202.

76.     Pursuant to California Labor Code section 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

77.     Plaintiff and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code section 226(a))

### (Against Defendant FREEDOMROADS, LLC)

78.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully

set forth herein.

79. Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

80. Pursuant to California Labor Code section 226, subdivision (a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

81. Defendant intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.

82. As a result of Defendant's violation of California Labor Code section 226, subdivision (a), Plaintiff and the other class members experience actual injury because it: (1) resulted in the non-payment of wages; (2) deprived Plaintiff and the class members of the information necessary to identify discrepancies in Defendant's reported data; (3) created confusion over whether they received all wages owed to them; (4) created difficulty and expense involved in reconstructing pay records; and (5) forced Plaintiff and the class member to make mathematical computations to analyze whether the wages paid in fact properly compensated them.

/ / / /

## SEVENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200 *et seq.*)

### (Against Defendant FREEDOMROADS, LLC)

83.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.   Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

85.   Defendant's conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendant's competitors.  Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

86.   Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

87.   A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.

### Failure to Pay Overtime

88.   Defendant's failure to pay overtime in violation of the Wage Orders and California Labor Code section 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failing to Provide Meal Periods

89.   Defendant's failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

////

16

### Failure to Provide Rest Periods

90.     Defendant's failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

### Failure to Pay Minimum Wages

91.     Defendant's failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Timely Pay Wages Upon Termination

92.     Defendant's failure to timely pay wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Timely Pay Wages During Employment

93.     Defendant's failure to timely pay wages during employment in violation of California Labor Code section 204, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Provide Compliant Wage Statements

94.     Defendant's failure to provide compliant wage statements in violation of California Labor Code section 226, subdivision (a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

### Failure to Keep Complete and Accurate Payroll Records

95.     Defendant's failure to keep complete and accurate payroll records in violation of California Labor Code section 1174, subdivision (d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code

sections 17200, et seq.

**Failure to Pay Commissions**

96.     Defendant's failure to pay Plaintiff and the other class members earned wages by intentionally miscalculating the amount of commissions Plaintiff and the other class members earned during employment, as alleged above, is in violation of California Labor Code sections 201, 202, 203, 204 and 1194 and constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code sections 17200, et seq.

## EIGHTH CAUSE OF ACTION

### (Violation of Wash. Rev. Code §§ 49.46.090 and 49.46.090)
### (Against Defendant FREEDOMROADS, LLC)

97.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98.     Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

99.     During the applicable statutory period, Wash. Rev. Code § 49.46.020(1)(a) required Plaintiff and the other class members to receive the minimum wage for all hours worked at the rate of eleven dollars ($11.00) per hour commencing January 1, 2017, at a rate of eleven dollars fifty cents ($11.50) per hour commencing January 1, 2018, at a rate of twelve dollars ($12.00) per hour commencing January 1, 2019, and at a rate of twelve dollars and fifty cents ($12.50) per hour commencing January 1, 2020.

100.   Wash. Admin. Code § 296-126-002 defines hours worked as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place."

101.   At all relevant times, Wash. Rev. Code § 49.46.090 provides that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

102.   During the relevant time period, Defendant regularly failed to pay the

18

minimum wage to Plaintiff and the other class members as required, pursuant to Wash. Rev. Code § 49.46.090.

103.    Wash. Rev. Code § 49.12.050 also provides:

> If any employee shall receive less than the legal minimum wage, except as hereinbefore provided in RCW 49.12.110, said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by  the court, notwithstanding any agreement to work for such lesser wage.  In such action, however, the employer shall be credited with any wages which have been paid upon account.

104.    Defendant's failure to pay Plaintiff and the other class members the minimum wage as required violates Wash. Rev. Code §§ 49.46.090 and 49.12.150.

105.    Pursuant to Wash. Rev. Code § 49.46.090, any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

106.    Pursuant to Wash. Rev. Code § 49.48.030, Plaintiff and the other class members are entitled to recover interest, costs, and attorney's fees.

107.    Plaintiff and other class members have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Wash. Rev. Code §§ 49.46.090 and 49.48.030.

/ / / /

19

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

# NINTH CAUSE OF ACTION

## (Violation of Wash. Rev. Code § 49.46.130)

## (Against Defendant FREEDOMROADS, LLC)

108.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

110.   Wash. Rev. Code § 49.46.130(1) provides that work performed in excess of forty (40) hours in a given workweek must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

111.   During the relevant time period, Plaintiff and the other class members worked in excess of forty (40) hours in a workweek, but did not receive overtime pay.

112.   During the relevant time period, Defendant intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

113.   Defendant's failure to pay Plaintiff and the other class members overtime compensation violates the provisions of Wash. Rev. Code § 49.46.130, and is therefore unlawful.

114.   Pursuant to Wash. Rev. Code § 49.46.090, any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

115.   Pursuant to Wash. Rev. Code § 49.48.030, Plaintiff and the other class members are entitled to recover interest, costs, and attorney's fees.

116.   As a result of the unlawful acts of Defendant, Plaintiff and other class

members have been deprived of overtime compensation in an amount to be proven at trial, and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Wash. Rev. Code §§ 49.46.090 and 49.48.030.

## TENTH CAUSE OF ACTION

### (Violation of Wash. Rev. Code § 49.12.020)

### (Against Defendant FREEDOMROADS, LLC)

117.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

118.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

119.   Wash. Rev. Code §49.12.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

120.   Wash. Rev. Code § 49.12.020 provides "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

121.   Pursuant to Wash. Rev. Code § 49.12.005(5) and Wash. Admin. Code § 296-126-002(9), conditions of labor "means and includes conditions of rest and meal periods" for employees.

122.   Wash. Admin. Code § 296-126-092 provides:

> (1)   Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift.  Meal periods shall be

21

on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2)    No employee shall be required to work more than five consecutive hours without a meal period.

(3)    Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

123.    During the relevant time period, Plaintiff and the other class members were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.  Plaintiff and the other class members were routinely required to work through meal periods.  As a result of these unlawful acts, Plaintiff and the other class members have been deprived of compensation in amounts to be determined of at trial.

124.    During the relevant time period, Defendant intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members for work performed during meal periods.

125.    Pursuant to Wash. Rev. Code § 49.46.090, any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

126.    Pursuant to Wash. Rev. Code § 49.48.030, Plaintiff and the other class members are entitled to recover interest, costs, and attorney's fees.

127.    As a result of the unlawful acts of Defendant, Plaintiff and other class members have been deprived of compensation in an amount to be proven at trial, and are

entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Wash. Rev. Code §§ 49.46.090 and 49.48.030.

## ELEVENTH CAUSE OF ACTION

### (Violation of Wash. Rev. Code § 49.12.020)

### (Against Defendants FREEDOMROADS, LLC)

128.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 127, and each and every part thereof with the same force and effect as though fully set forth herein.

129.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

130.   Wash. Rev. Code § 49.12.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

131.   Wash. Rev. Code § 49.12.020 provides "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

132.   Pursuant to Wash. Rev. Code § 49.12.005(5) and Wash. Admin. Code §296-126-002(9), conditions of labor "means and includes conditions of rest and meal periods" for employees.

133.   Wash. Admin. Code § 296-126-092(4) provides that "[e]mployees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.  Rest periods shall be scheduled as near as possible to the midpoint of the work period.  No employee shall be required to work more than three hours without a rest period."

23

134.   During the relevant time period, Defendant required Plaintiff and other class members to work four (4) or more hours without ensuring a ten (10) minute rest period per each four (4) hour period worked.  As a result of these unlawful acts, Plaintiff and the other class members have been deprived of compensation in amounts to be determined of at trial.

135.   During the relevant time period, Defendant intentionally and willfully required Plaintiff and the other class members to work during rest periods and failed to compensate Plaintiff and the other class members for work performed during rest periods.

136.   Pursuant to Wash. Rev. Code § 49.46.090, any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

137.   Pursuant to Wash. Rev. Code section 49.48.030, Plaintiff and the other class members are entitled to recover interest, costs, and attorney's fees.

138.   As a result of the unlawful acts of Defendant, Plaintiff and other class members have been deprived of compensation in an amount to be proven at trial, and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Wash. Rev. Code §§ 49.46.090 and 49.48.030.

## TWELFTH CAUSE OF ACTION

### (Violation of Wash. Rev. Code § 49.48.010)

### (Against Defendant FREEDOMROADS, LLC)

139.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 138, and each and every part thereof with the same force and effect as though fully set forth herein.

140.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

24

141.   Pursuant to Wash. Rev. Code §49.48.010, "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period."

142.   During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, at the end of their established pay periods upon leaving Defendant's employ.

143.   Defendant's failure to pay Plaintiff and the other class members their wages, earned and unpaid, at the end of their established pay periods upon leaving Defendant's employ, is in violation of Wash. Rev. Code § 49.48.010.

144.   As a result of the unlawful acts of Defendant, Plaintiff and the other class members have been deprived of compensation in amount to be determined at trial and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to Wash. Rev. Code §§ 49.46.090 and 49.48.030

## THIRTEENTH CAUSE OF ACTION

### (Violation of Wash. Rev. Code § 49.52.050)

### (Against Defendants FREEDOMROADS, LLC)

145.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 144, and each and every part thereof with the same force and effect as though fully set forth herein.

146.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

147.   Wash. Rev. Code § 49.52.050(2) provides that any employer or agent of any employer who "[w]illfully with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

148.   Wash. Rev. Code § 49.52.70 provides any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld,

1   together with costs of suit and reasonable attorneys' fees.

2   149.   By the actions alleged above, Defendant violated the provisions of Wash.

3   Rev. Code § 49.52.050.

4   150.   As alleged in paragraphs 97–144, *supra*, Defendant intentionally and

5   willfully violated Wash. Rev. Code §§ 49.48.010, 49.12.020, and 49.46.130, as well as

6   Wash. Admin. Code § 296-126-092.  Defendant intentionally failed to pay all wages owed

7   to Plaintiff and the other class members, including minimum and overtime wages, by

8   requiring Plaintiff and the other class members to work during meal and rest periods.

9   Defendant knew or should have known that its employment policies violate Washington

10  law, and its failure to pay wages owed to Plaintiff and the other class members was willful

11  under Wash. Rev. Code § 49.52.050(2).

12   151.   Wherefore, Plaintiff and the other class members request relief as hereinafter

13  provided.

14   ### FOURTEENTH CAUSE OF ACTION

15   **(Fraud)**

16   **(Against Defendant FREEDOMROADS, LLC)**

17   152.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

18  through 151, and each and every part thereof with the same force and effect as though

19  fully set forth herein.

20   153.   Plaintiff Kamela Woodings asserts this claim on behalf of herself and the

21  California Subclass.

22   154.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the

23  Washington Subclass.

24   155.   As alleged herein, Defendant entered into an employment contract with

25  Plaintiffs and each of the class members, pursuant to which Defendant agreed to pay

26  commissions in addition to hourly wages.

27   156.   Defendant represented to Plaintiffs and each of the class members that

28  commissions will be calculated based on the "gross profit" of individual sales.  Defendant

26

further represented that gross profits will be calculated as the "sales proceeds" minus "actual costs."  Said representations were made to Plaintiff Woodings by Scott Biane, the General Manager of Defendants' Newhall, California location.

157.   At the time that Defendant made such representations, by and through its authorized representative(s), Defendant knew that such representations were false, in that Defendant never intended to pay Plaintiffs and each of the class members the total amount of commissions earned.  Instead, at the time they made such representations to Plaintiffs and each of the class members, Defendant intended to pay Plaintiffs and each of the class members substantially less by misrepresenting the total "sales proceeds" and "actual costs" incurred in connection with each sale.

158.   Subsequently, Defendant did, in fact, misrepresent the amount of "sales proceeds" and "actual costs" incurred in connection with each sale Plaintiffs and each of the class members made, and as a result paid Plaintiffs' and each of the class members' commissions in amounts substantially less than Plaintiffs and each of the class members actually earned.

159.   Defendant made such misrepresentations with the express purpose and intent that Plaintiffs and each of the class members rely on said misrepresentations and engage in efforts to secure sales of Defendant's goods and services.

160.   Plaintiffs and each class member relied on Defendant's misrepresentations, as alleged herein, to their detriment.  In reliance on said false representations, Plaintiffs engaged in efforts to and did negotiate sales of Defendant's goods and services, but were paid substantially less than the commission they were entitled to pursuant to the parties' agreement.

161.   As a direct result of Defendant's misrepresentations and fraud, as described above, Plaintiffs have suffered damages in an amount to be proven at trial.

162.   At all times Defendant's misrepresentation to Plaintiff Woodings was made by their "managing agent" Scott Biane, who was the general manager of Defendant's Newhall, California location.  Biane was and is Defendant's manager in charge of

27

overseeing all of Defendants' operations at the Newhall, California location, with the power and authority to make corporate decisions and direct corporate policy on behalf of Defendant.  Similar representations were made to Plaintiff Dormaier.

163.   Moreover, at all times Defendant has ratified said misrepresentations, and has engaged in a corporate policy of hiding their fraudulent conduct.  Prior to filing the instant action Plaintiff Wooding complained that she was undercompensated, and demanded an inspection of Defendant's records so that she can personally evaluate Defendant's representations regarding actual "sales proceeds" and "costs."  Defendant refused and continues to refuse to provide Plaintiff Woodings with said accounting, all in an effort to conceal their misrepresentations to Plaintiff Woodings.

164.   Defendant's conduct was oppressive, fraudulent and malicious, and constitutes despicable conduction in conscious disregard for Plaintiffs' rights.  Therefore, Plaintiffs are entitled to an award of exemplary or punitive damages under California Civil Code section 3294.

## FIFTHTEENTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against Defendant FREEDOMROADS, LLC)

165.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 164, and each and every part thereof with the same force and effect as though fully set forth herein.

166.   Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

167.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

168.   As alleged herein, Defendant entered into an employment contract Plaintiffs and each of the class members, pursuant to which Defendant agreed to pay commissions in addition to hourly wages.

169.   Defendant represented to Plaintiffs and each of the class members that

commissions will be calculated based on the "gross profit" of individual sales. Defendant further represented that gross profits will be calculated as the "sales proceeds" minus "actual costs." Said representations were made to Plaintiff Woodings by Scott Biane, the General Manager of Defendant's Newhall, California location. Similar representations were made to Plaintiff Dormaier.

170. At the time that Defendant made such representations, by and through its authorized representative(s), Defendant knew or should have known that such representations were false, in that Defendant did not intend to calculate Plaintiffs' and each of the class members' earned commissions based on actual "sales proceeds" minus "actual costs," but rather utilizing a different formula that did not take into account the "actual" numbers.

171. Subsequently, in calculating Plaintiffs' and each class members' earned commissions, Defendant did not use the amount of actual "sales proceeds" and "actual costs," but rather used substantially different numbers, as a result of which Defendant paid Plaintiffs' and each of the class members' commissions in amounts substantially less than Plaintiffs and each of the class members actually earned.

172. Defendant made such representations with the knowledge and intent that Plaintiffs and each of the class members rely on said representations and engage in efforts to secure sales of Defendant's goods and services.

173. Plaintiffs and each class member relied on Defendant's representations, as alleged herein, to their detriment. In reliance on said representations, Plaintiffs and each of the class members engaged in efforts to and did negotiate sales of Defendant's goods and services, but were paid substantially less than the commission they were entitled to pursuant to the parties' agreement.

174. As a direct result of Defendant's representations, as described above, Plaintiffs and each of the class members have suffered damages in an amount to be proven at trial.

175. At all times Defendant's representation to Plaintiff Woodings was made by

29

their "managing agent" Scott Biane, who was the general manager of Defendant's Newhall, California location. Biane was and is Defendant's manager in charge of overseeing all of Defendant's operations at the Newhall, California location, with the power and authority to make corporate decisions and direct corporate policy on behalf of Defendant.

176. Moreover, at all times Defendant has ratified said representations, and have engaged in a corporate policy of hiding their fraudulent conduct. Prior to filing the instant action Plaintiff complained that she was undercompensated, and demanded an inspection of Defendant's records so that Plaintiff Woodings can personally evaluate Defendant's representations regarding actual "sales proceeds" and "costs." Defendant refused and continues to refuse to provide Plaintiff Woodings with said accounting, all in an effort to conceal their misrepresentations to her.

## SIXTEENTH CAUSE OF ACTION

### (Breach of Contract)

### (Against Defendant FREEDOMROADS, LLC)

177. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 176, and each and every part thereof with the same force and effect as though fully set forth herein.

178. Plaintiff Kamela Woodings asserts this claim on behalf of herself and the California Subclass.

179. Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

180. As alleged herein, Defendant entered into an employment contract with Plaintiffs and each of the class members, pursuant to which Defendant agreed to pay Plaintiffs commissions in exchange for Plaintiffs' sales of Defendant's goods and services.

181. Per the parties' agreement, commissions payable to Plaintiffs and each of class members are to be calculated based on the "gross profit" of individual sales Plaintiffs and each of the class members make. Per the terms of the agreement, "gross profits" are

30

---

calculated as the "sales proceeds" minus "actual costs."

182.   Plaintiffs and each of the class members have fulfilled all of their obligations under the agreement, in that they engaged in and negotiate sales of Defendant's goods and services.

183.   Defendant has breached the parties' agreement, by paying Plaintiffs and each of the class members substantially less than the commission amounts Plaintiffs and each of the class members are entitled to per the terms of the parties' agreement.

184.   Defendant has underpaid Plaintiffs and each of the class members as a result of their custom and practice of calculating the "gross profit" on each individual sale by using figures that are lower than actual "sales proceeds" and higher than "actual costs." As a result, the "gross profit" based on which Defendant calculated Plaintiffs and each of the class members' earned commissions was lower than called for in the parties' agreement, with the result that the commissions paid to Plaintiffs and each of the class members were lower than those actually required pursuant to the terms of the parties' agreement.

185.   Defendant's conduct constitutes a breach of the parties' agreement, in that Defendant has failed to pay Plaintiffs and each of the class members the full amount of commissions they were entitled to per the terms of the parties' agreement, causing Plaintiffs and each of the class members substantial economic damage.

186.   As a direct result of Defendant's conduct described above, Plaintiffs and each of the class members are entitled to damages in an amount to be proven at trial.

## SEVENTEENTH CAUSE OF ACTION

### (Accounting)

### (Against Defendant FREEDOMROADS, LLC)

187.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 186 and each and every part thereof with the same force and effect as though fully set forth herein.

188.   Plaintiff Kamela Woodings asserts this claim on behalf of herself and the

31

California Subclass.

189.   Plaintiff Jodi Dormaier asserts this claim on behalf of herself and the Washington Subclass.

190.   Defendant has failed and refused to pay Plaintiffs and each of the class members the total amount of earned commissions due per the parties' employment agreement.  Defendant has also failed and refuse to provide Plaintiffs and each of the class members documentation relating to individuals sales, including "gross proceeds" and "actual costs", from which Plaintiffs and each of the class members can determine the actual amount of commissions they are owed.

191.   Defendant is in sole possession of all documentation and information regarding the amount of individual sales, including "sales proceeds" and "actual costs", and thus Plaintiffs and each of the class members lack the information from which to calculate the amounts they are owed by Defendants.

192.   Plaintiffs and each of the class members thus demand the equitable remedy of accounting, so that they can determine the amount by which they have been damaged.

## EIGHTEENTH CAUSE OF ACTION

### (Violation of California Labor Code sections 2698 et seq.)

### (Against Defendants FREEDOMROADS, LLC and DOES 1 through 100)

193.   Plaintiffs incorporate by reference the allegations in paragraphs 1 through 192, and every part thereof with the same force and effect as though set forth herein.

194.   At all relevant times, the Private Attorney General Act ("PAGA") provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee under the procedures outlined in California Labor Code section 2699.3.

195.   Under PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

32

196.   Plaintiff Kamela Woodings was employed by Defendants and the alleged violations were committed against her during her time of employment and she is therefore, an aggrieved employee.  Plaintiff is an "aggrieved employee" as defined by California Labor Code section 2699, subdivision (c).

197.   Under California Labor Code sections 2699.3 and 2699.5, an aggrieved employee may pursue a representative civil action arising under PAGA after these requirements have been met:

      a.    The aggrieved employee shall give written notice by online filing ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

      b.    The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action under California Labor Code section 2699.

198.   On March 23, 2020, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA did not respond to this notice.

199.   Plaintiff satisfied the administrative prerequisites under California Labor Code section 2699.3, subdivision (a), to recover civil penalties against Defendants for violations of the California Labor Code and the applicable wage order.

### Failure to Pay Minimum Wage

200.   Labor Code section 1197 provides:

> The minimum wage for employees fixed by the [Industrial Welfare Commission] or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

(Lab. Code, § 1197; see also *id.*, §§ 1194, 1197.1.)   Similarly, Wage Order 4-2001 requires employers to pay "each employee . . . not less than the applicable minimum wage for all hours worked in the payroll period."  (Wage Order 4-2001, subd. (4)(B).)

201.   CAMPING WORLD failed to pay Plaintiff and other aggrieved employees the minimum wage for all hours worked.  Plaintiff and the other aggrieved employees are sometimes required to come into work on their days off and asked not to clock in. CAMPING WORLD is aware for this but does not compensate them for this off-the-clock work.

### Failure to Pay Overtime

202.   Labor Code section 510, subdivision (a), provides:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be

34

compensated at the rate of no less than twice the regular rate of
pay of an employee.

(Lab. Code, § 510, subd. (a).) "Significantly, an employee's 'regular rate of pay' for purposes of Labor Code Section 510 and the IWC wage orders is not the same as the employee's straight time rate (i.e., his or her normal hourly wage rate). Regular rate of pay, which can change from pay period to pay period, includes adjustments to the straight time rate, reflecting, among other things, shift differentials and the per-hour value of any nonhourly compensation the employee has earned." (*Alvarado v. Dart Container Corp. of California* (2018) 4 Cal.5th 542, 554.) This includes commissions.

203. Plaintiff and the other aggrieved employees are entitled to commission and other non-discretionary bonuses based on sales and other objective criteria; however, these commissions and bonuses are not included in the regular rate of pay for purposes of calculating overtime. Therefore, Plaintiff and the other aggrieved employees overtime rate for each pay period is usually incorrect.

204. Additionally, Plaintiff and the other aggrieved employees are sometimes required to come into work on their days off and asked not to clock-in, which sometimes results in overtime hours being worked. CAMPING WORLD is aware for this but does not compensate them for this off-the-clock work.

### Failure to Provide Meal Periods

205. Labor Code section 226.7, subdivision (b), states "[a]n employer shall not require an employee to work during a meal . . . period mandated pursuant to an applicable statute . . . or order of the Industrial Welfare Commission." (Lab. Code, § 226.7, subd. (b).) "If an employer fails to provide an employee a meal . . . period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided." (*Id.*, § 226.7, subd. (c.).)

/ / / /

/ / / /

206.   Labor Code section 512, subdivision (a), provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.   An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(Lab. Code, § 510, subd. (a).)

207.   Wage Order 4 states:

(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.   An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

36

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(Wage Order 4, subd. 11.)

208.    CAMPING WORLD's internal policies do not provide Plaintiff and the other aggrieved employees with timely or the correct number of meal periods based on shift length.  Instead, the timing and number of meal periods is based "division or departmental needs."  As a result, Plaintiff and the other aggrieved employees do not always receive timely and compliant meal periods.

209.    Additionally, commissions and bonuses are not included in the regular rate of pay for purposes of calculating meal period premiums.  Thus, to the extent CAMPING WORLD ever did pay a meal period premium, the amount was incorrect.

### Failure to Provide Rest Breaks

210.    Labor Code section 226.7, subdivision (b), states "[a]n employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an applicable statute . . . or order of the Industrial Welfare Commission."  (Lab. Code, § 226.7, subd. (b).)  "If an employer fails to provide an employee a . . . rest . . . period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . rest . . . period is not provided."  (*Id.*, § 226.7, subd. (c.).)

211.    Wage Order 4 states:

(A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or

37

major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

(Wage Order 4, subd. 12.)

212.   CAMPING WORLD's internal policies do not provide Plaintiff and the other aggrieved employees with timely or the correct number of rest breaks based on shift length.  Instead, the timing and number of rest breaks is based "division or departmental needs."  As a result, Plaintiff and the other aggrieved employees do not always receive timely and compliant rest breaks.

213.   Additionally, commissions and bonuses are not included in the regular rate of pay for purposes of calculating rest break premiums.  Thus, to the extent CAMPING WORLD ever did pay a rest break premium, the amount was incorrect.

**Failure to Timely Pay Wages Upon Termination**

214.   Labor Code section 201, subdivision (a), provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  (Lab. Code, § 201, subd. (a).)  Labor Code section 202 provides, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." (*Id.*, § 201, subd. (a).)

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

215.   As explained above, CAMPING WORLD failed to pay its workers minimum wage for each hour of work they performed, failed to pay them the correct overtime rate, and failed to pay them one additional hour of pay at their correct regular rate of pay when they were not provided meal periods and rest breaks.  Accordingly, these wages were not timely paid to Plaintiff and the other aggrieved employees upon their discharge or termination.

### Failure to Timely Pay Wages During Employment

216.   Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

217.   As explained above, CAMPING WORLD failed to pay Plaintiff and other aggrieved employees overtime when they worked in excess of eight and/or 12 hours in a day and/or 40 hours in a week, failed to pay them minimum wage, and failed to pay them one additional hour of pay at their regular rate of pay when they were not provided meal periods or authorized and permitted to take rest breaks.  Accordingly, these wages were not paid timely pursuant to section 204.

### Failure to Provide Complete and Accurate Wage Statements

218.   Labor Code section 226 requires employers to make, keep and provide true, accurate, and complete wage statements.  The violations of this section include, without limitation, the failure to include (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and

39

who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.   The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

219.   During the relevant time period, CAMPING WORLD did not provide Plaintiff and other aggrieved employees with properly itemized wage statements.  The wage statements do not include the total hours worked by the employee or the last four digits of the employee's social security number or an employee identification number other than a social security number.

220.   Additionally, the wage statements failed to include the correct overtime rate, off-the-clock work, and one additional hour of pay at their regular rate of pay when they were not provided compliant meal periods or authorized and permitted to take compliant rest breaks.

### Failure to Keep Accurate Business Records

221.   Labor Code section 1174, subdivision (d) requires employers to keep, at a central location in the state or at the plants or establishments at which employees are

employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

222.   During the relevant time period, CAMPING WORLD intentionally and willfully failed to keep accurate and complete payroll records, including but not limited to, failing to keep, at a central location in the State of California or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, or the number of piece rate united earned by or any applicable piece rate paid to, employees employed at the respective plants or establishments.  As explained above, CAMPING WORLD failed to pay Plaintiff and other aggrieved employees overtime when they worked in excess of eight and/or 12 hours in a day and/or 40 hours in a week, failed to pay them minimum wage, and failed to pay them one additional hour of pay at their regular rate of pay when they were not provided meal periods or authorized and permitted to take rest breaks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the general public similarly situated, pray for relief and judgment against Defendant as follows:

### **Class Certification**

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representatives of the Class;

3.   That counsel for Plaintiffs be appointed as Class Counsel;

4.   That Defendant provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members;

5.   For damages and restitution according to proof at trial for all unpaid wages and other injuries to Plaintiffs and all the other class members and all pre-judgment interest

41

from the day such amounts were due and payable, as provided by the California Labor Code, Revised Code of Washington, and other laws of the States of California and Washington;

6.     For a declaratory judgment that Defendant has violated the California Labor Code, Revised Code of Washington, and other laws of the States of California and Washington, and public policy as alleged herein;

7.     For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200, *et seq*. by failing to provide Plaintiff Woodings and the other California class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff Woodings and the other California class members, and failing to pay at least minimum wages to Plaintiff and the other California class members;

8.     For an order awarding Plaintiffs and the other class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiffs and the other class members, together with interest on these amounts, according to proof;

9.     For a full and complete accounting of all Defendant's revenues, costs and profits in connection with each sale of goods and services made by Plaintiffs and the other class members;

10.    For reasonable attorneys' fees and costs of suit incurred herein as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, Revised Code of Washington, and other laws of the States of California and Washington;

11.    For such other and further relief as the court may deem just and proper;

12.    Under California Labor Code section 2699, Plaintiff requests and may recover civil penalties from Defendants;

13.    Under California Labor Code section 2699, subdivision (i), the civil penalties recovered shall be distributed: seventy-five percent (75%) to the Labor and Workforce Development Agency and twenty-five percent (25%) to the aggrieved

42

employees; and

14.    Plaintiff seeks and may recover reasonable attorneys' fees and costs under California Labor Code section 2699.


Date: July 9, 2021                          **PARRIS LAW FIRM**


                                            By: /s/ Kitty K. Szeto
                                                  Kitty K. Szeto

                                            Attorneys for Plaintiffs KAMELA
                                            WOODINGS, JODI DORMAIER,
                                            and the Putative Class

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by a jury of all issues triable as of right.

Date: July 9, 2021                                  **PARRIS LAW FIRM**


By: /s/ Kitty K. Szeto
_____

Kitty K. Szeto
Attorneys for Plaintiffs KAMELA
WOODINGS, JODI DORMAIER,
and the Putative Class

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL