# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMELA WOODINGS and JODI DORMAIER, on behalf of themselves and all members of the putative class,<br><br>Plaintiffs,<br>v.<br><br>FREEDOMROADS, LLC d/b/a CAMPING WORLD, a Minnesota Limited Liability Corporation, and DOES 1 through 100,<br><br>Defendant. | Case No. 2:20-cv-07072-MCS-JEM<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:        Hon. Mark C. Scarsi<br>Date:         August 23, 2021<br>Time:        9:00 a.m.<br>Courtroom:  7C<br><br>Complaint Filed: June 25, 2020<br>Trial Date: None |

The Court, having received and carefully considered the Motion for Preliminary Approval of Class Action Settlement (the "Motion") filed by Plaintiffs Kamela Woodings and Jodi Dormaier (collectively, "Plaintiffs"), having read the Class and PAGA Action Settlement Agreement and Release ("Settlement Agreement") and supporting documents attached therein, and taking note that Defendant FreedomRoads, LLC (hereinafter, "Defendant" or "FreedomRoads") have not opposed the Motion, the Court hereby **GRANTS** the Motion in its entirety; thus, granting preliminary approval of the proposed settlement of the above-captioned action on a class-wide basis, approving the manner and content of notice to the class, and setting a final approval hearing came on for hearing before the above-entitled court.

The Court finds that the proposed settlement appears fair, reasonable, and adequate; notice of the proposed settlement should be sent to the class in the manner described herein; and a hearing should be held after said notice is issued to determine if the Settlement Agreement and the proposed settlement are fair, reasonable, and adequate to the class and if an order granting final approval should be entered in this action based upon the terms of the Settlement Agreement.

Good cause appearing therefore, the Court **HEREBY ORDERS AS FOLLOWS:**

1. This Order incorporates by reference the parties' Settlement Agreement and all defined terms herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court hereby **GRANTS** preliminary approval of the terms and conditions contained in the Settlement Agreement, which is attached to the Motion as **Exhibit 1**, as to the California and Washington Classes. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

3.      The Court finds on a preliminary basis that: (1) the Maximum Gross Settlement Amount totaling **$3,950,000.00** is fair, reasonable, and adequate to the California and Washington Putative Class Members, and the PAGA Releasees, when balanced against the probable outcome of further litigation relative to class certification, liability and damages issues, and potential appeals; (2) the significant informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonable evaluate their respective positions; (3) the Settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of this Lawsuits; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Parties entered into the Settlement in good faith.

4.      The Court hereby **GRANTS** conditional certification of the provisional California and Washington Classes, in accordance with the Settlement Agreement, for the purposes of this Settlement only. The California Class is defined as all current or former hourly-paid or non-exempt employees of Defendant working in FreedomRoads' establishments in the state of California from June 25, 2016 through the Preliminary Approval hearing date or up to when the Workweeks at Issue exceed 106,211 workweeks, whichever is earlier. The Washington Class is defined as all current or former hourly-paid or non-exempt employees of Defendant working in FreedomRoads' establishments in the state of Washington from June 25, 2017 through the Preliminary Approval hearing date or up to when the Workweeks at Issue exceed 106,211 workweeks, whichever is earlier. All class members who do not opt out of the Lawsuits are bound by the terms of the Settlement.

5.      The Court hereby **APPROVES** the proposed procedure for Putative Class Members of the California and Washington Classes to request exclusion from the Class component Settlement, which is to submit a written statement

requesting exclusion to the Settlement Administrator no later than the time period permitted under the Settlement. Any Putative Class Members of the California and Washington Classes who submit a written exclusion shall not be a member of those Classes, shall be barred from participating in the Class component of the Settlement, and shall receive no benefit from the Class component of the Settlement.

6. The Court hereby preliminarily approves Class Counsel's request for attorneys' fees in the amount of **$1,382,500.00** and costs in the amount of **$15,000.00** to be paid out of the Gross Settlement Amount.

7. The Court hereby preliminarily approves the Service Award request in the amount of **$15,000.00** each to Plaintiffs Kamela Woodings and Jodi Dormaier to be paid out of the Maximum Gross Settlement Amount.

8. The Court further **ORDERS** that each Settlement Class Member of the California, and Washington Classes shall be given a full opportunity to object to the Class component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which shall be held before the Honorable Mark C. Scarsi in Courtroom 7C of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, California 90012 on _____ at **9:00 a.m.** to determine: whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, and adequate and whether said Settlement should be finally approved by the Court. The Court may adjourn or continue the Final Approval Hearing without further notice to the Class Members.

9. The Court hereby approves, as to form and content, the Notice of Class Action and Private Attorney General Act ("PAGA") Settlement and Hearing Date for Court Approval attached as **Exhibit "A"** to the Settlement Agreement ("Class Notice").

10. The Court hereby appoints and authorizes the retention of Simpluris,

ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Inc. as the Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated to be approximately **$11,000.00**.

11. The Court hereby conditionally appoints Parris Law Firm as Counsel for the California and Washington Classes. The Court also hereby conditionally appoints Plaintiff Kamela Woodings as the Class Representative for the California Class, and Plaintiff Jodie Dormaier as the Class Representative for the Washington Class.

12. The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Lawsuit, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

13. The Court further **ORDERS** that to facilitate administration of this Settlement, all Putative Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings regarding claims released by the Settlement unless and until such Putative Class Members have submitted requests for exclusion with the Settlement Administrator.

14. The Court hereby **APPROVES** the Notices of Settlement attached to the Declaration of Kitty K. Szeto as **Exhibit A**. The Court finds that the Notices of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement appear to fully and accurately inform the Putative Class Members of the California and Washington Classes of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

15. In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or if for any reason the Court does not execute and file a Final Approval Order and Judgment, or is terminated, cancelled,

or fails to become effective for any reasons, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void, shall be vacated, and the Parties shall revert back to their respective positions as of before entering into the Settlement Agreement.

16.     The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Putative Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATE: _____

                                                    Honorable Mark C. Scarsi
                                                    UNITED STATES DISTRICT JUDGE