JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMELA WOODINGS and JODI DORMAIER, on behalf of themselves and all members of the putative class,<br><br>　　　　Plaintiffs,<br>　v.<br><br>FREEDOMROADS, LLC d/b/a CAMPING WORLD, a Minnesota Limited Liability Corporation, and DOES 1 through 100,<br><br>　　　　Defendant. | Case No. 2:20-cv-07072-MCS-JEM<br><br>**CLASS ACTION**<br><br>**FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Judge:　　Hon. Mark C. Scarsi<br>Courtroom: 7C<br><br>Complaint Filed: June 25, 2020<br>Trial Date: None |

On December 13, 2021, this Court conducted a Final Approval Hearing regarding Plaintiffs Kamela Woodings and Jodi Dormaier's (collectively, "Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement, Attorney's Fees and Costs, and Class Representative Service Awards ("Motion") (ECF No. 35). At the Final Approval Hearing, Parris Law Firm appeared for Plaintiffs and members of the class, and Littler Mendelson P.C. appeared for Defendant FreedomRoads, LLC ("Defendant").

The Court having considered all papers filed and proceedings had herein, having heard the statements of counsel, and otherwise being fully informed in the matter, hereby **GRANTS** the Motion in its entirety. The Court **HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. The Court has jurisdiction over the claims of the participating Settlement Class Members and PAGA Releasees asserted in this proceeding and over all Parties to the Lawsuit.

2. The Court finds that no Settlement Class Members have objected to the settlement and only one class member requested exclusion from the settlement.

3. This Final Order and Judgment ("Final Approval Order") incorporates by reference the Parties' Class and PAGA Action Settlement Agreement and Release ("Settlement Agreement"), which was attached as **Exhibit "1"** to the Declaration of Kitty K. Szeto (ECF No. 35-2), and all defined terms herein shall have the same meaning as set forth in the Settlement Agreement.

4. The Court expressly finds that said Settlement Agreement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class Members and PAGA Releasees and hereby directs implementation of all remaining terms, conditions, and provisions of the agreement.

5. The Court has considered all relevant factors for determining the fairness of the Settlement Agreement and has concluded that all such factors weigh

in favor of granting final approval. In particular, the Court finds that the Settlement Agreement was reached following meaningful investigation and informal discovery conducted by Class Counsel; that the Settlement Agreement is the result of informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement Agreement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement Agreement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. Accordingly, the Court **APPROVES** of the terms and conditions contained in the Settlement Agreement as to the California and Washington Classes and the PAGA Releasees. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

6.   The Court finds that the approved Class Notice (attached as **Exhibit "A"** to the Settlement Agreement), along with the related notification procedure contemplated by the Settlement Agreement, constituted the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court finds that the Class Notice fully and accurately informed the Putative Class Members of the California and Washington Classes and the PAGA Releasees of all material elements of the proposed Settlement Agreement, of their right to be excluded from the Settlement Agreement, and of their right and opportunity to object to the Settlement Agreement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members that did not submit a request for exclusion are bound by this Final Approval Order.

7. The Court finally appoints Parris Law Firm as Class Counsel for the California and Washington Classes, and PAGA Releases.

8. The Court appoints Plaintiff Kamela Woodings as the class representative for the California Class, and Plaintiff Jodi Dormaier as the class representative for the Washington Class.

9. The Court hereby makes final its certification of the provisional California and Washington Classes, in accordance with the Settlement Agreement, for the purposes of this settlement only. The California Class is defined as all current or former hourly-paid or non-exempt employees of Defendant working in FreedomRoads' establishments in the state of California from June 25, 2016 through September 3, 2021, or up to when the Workweeks at Issue exceed 106,211 workweeks, whichever is earlier. The Washington Class is defined as all current or former hourly-paid or non-exempt employees of Defendant working in FreedomRoads' establishments in the state of Washington from June 25, 2017 through September 3, 2021, or up to when the Workweeks at Issue exceed 106,211 workweeks, whichever is earlier. All class members who did not opt out of the Lawsuits are bound by the terms of the Settlement Agreement, and release all of the claims defined in the Settlement Agreement.

10. The Court finds that: (1) the Maximum Gross Settlement Amount totaling **$3,950,000.00** is fair, reasonable, and adequate to the California and Washington Putative Class Members, and the PAGA Releasees, when balanced against the probable outcome of further litigation relative to class certification, liability and damages issues, and potential appeals; (2) the significant informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) the Settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of this Lawsuit; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-

1  collusive negotiations between the Parties. Accordingly, the Court finds that the
2  Parties entered into the Settlement in good faith.

3      11.    The Court **APPROVES** Class Counsel's request for attorneys' fees in
4  the amount of **$987,500.00**, which is $395,000.00 less than the amount originally
5  requested and allocated in the Settlement that will be added back to the Net
6  Settlement Amount for distribution to the Settlement Class Members on a *pro rata*
7  basis. This amount is justified under the common fund doctrine, the range of
8  awards ordered in this District and Circuit, the excellent results obtained, the
9  substantial risk borne by Class Counsel in litigating this matter, the high degree of
10 skill and quality of work performed, the financial burden imposed by the
11 contingency basis of Class Counsel' representation of Plaintiffs and the Classes,
12 and the additional work required of Class Counsel to bring this Settlement to
13 conclusion.

14     12.    The Court **APPROVES** the PAGA Payment in the total amount of
15 **$900,000.00**, 75% of which shall be paid to the State of California LWDA
16 ($675,000.00) and 25% of which shall be distributed to *pro rata* to all PAGA
17 Releasees ($225,000.00).

18     13.    The Court **APPROVES** the Service Award requested in the amount
19 of **$15,000.00** each to Plaintiffs Kamela Woodings and Jodi Dormaier to be paid
20 out of the Maximum Gross Settlement Amount.

21     14.    The Court **APPROVES** the appointment of Simpluris, Inc. as the
22 Settlement Administrator for the purpose of the settlement and approves the
23 requested amount of **$13,800.00** in administration costs.

24     15.    The Court **APPROVES** Class Counsel's request for reimbursement
25 of litigation costs in the amount of **$12,068.58**, which is $2,931.42 less than the
26 $15,000.00 allocated in the Settlement Agreement that will be added back to the
27 Net Settlement Amount for distribution to the Settlement Class Members on a *pro*
28 *rata* basis.

16. Entry of this Final Approval Order shall constitute a full and complete bar against Plaintiffs and the Settlement Class Members and PAGA Releasees (whether individuals, cumulatively or in any combination or in any manner) and in favor of the Released Parties (as defined in the Settlement Agreement) from bringing any Released Claims against Defendant and Released Parties (whether individually, cumulatively or in any combination or in any manner), and shall constitute *res judicata* and collateral estoppel with respect to the Released Claims, except to those who timely and properly opted out of the Settlement pursuant to the terms of the Settlement Agreement. As such, as of the Effective Date, the Court finally and permanently enjoins all of the Settlement Class Members and PAGA Releasees from pursuing, or seeking to reopen, any released claims as defined in the Settlement Agreement and/or the Class Notice.

17. By operation of the entry of this Final Approval Order, the Parties and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

18. If the Settlement Agreement is successfully challenged and, as a result, does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

19. The Settlement Agreement is not a concession or admission and shall not be used against Defendant as an admission or indication with respect to any claim of any fault or omission by Defendant. Except as necessary to enforce the terms of the Settlement Agreement, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted into evidence as, received as or deemed to be in evidence for any purpose adverse to the Defendant, including, but not limited to, evidence of a presumption,

concession, indication or admission by Defendant of any liability, fault, wrongdoing, omission, concession, or damage, except for legal proceedings concerning the implementation, interpretation, or enforcement of the Settlement Agreement.

## JUDGMENT

In accordance with, and for the reasons stated in, the Final Approval Order shall be entered whereby Plaintiffs and all Settlement Class Members, shall take nothing from Defendant, except as expressly set forth in the Settlement Agreement.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court shall reserve exclusive and continuing jurisdiction over this action, Plaintiffs, Settlement Class Members, PAGA Releasees, and Defendant, for the purposes of:

(a) enforcing the terms of the Settlement Agreement;

(b) supervising the implementation, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the plan of allocation, the Final Approval Order; and

(c) supervising distribution of amounts paid under this Settlement Agreement.

The Court **HEREBY ENTERS JUDGMENT** consistent with the Settlement Agreement and this Final Approval Order.

**IT IS SO ORDERED.**

DATE:  December 29, 2021

_____
Mark C. Scarsi
United States District Judge